OPINION OF THE COURT
Jones, J.
These appeals, arising out of a narcotics transaction, require us to determine whether the trial court erred in refusing defendants’ request to submit counts of possession of a controlled substance as lesser included offenses of the charge of criminal sale. We conclude that no such submission was required when no rational basis appears in the record for rejection by the jury of that portion of the undercover officer-buyer’s testimony that would have established a drug sale but acceptance by the jury of so much of his testimony as would have supported a finding of possession only.
Each of defendants stands convicted of criminal sale of a controlled substance in the second degree in violation of subdivision 1 of section 220.41 of the Penal Law following trial on a joint indictment charging them with the criminal sale offense as well as with the crimes of criminal possession of a controlled substance in the third degree (Penal Law, § 220.16) and criminal possession of a controlled substance in the fifth degree (Penal Law, § 220.06).
The People’s case rested largely on the testimony of undercover Police Officer Hewitt, who testified that on June 9, 1976 he obtained a quantity of heroin from defendant Scarborough in exchange for $200 in the following manner: Expecting to consummate a purchase of the drug, which had previously been arranged, Hewitt entered a storefront bearing the name "Last Chance Shoe Shine Parlor” on the afternoon of the day in question where he found defendant Codrington, who was known to the officer. As he had approached the storefront he had observed defendant Scarborough seated with another girl *367 outside the front of the store next door. Hewitt told Codrington that he wished to buy 20 bags of heroin, to which the latter assented. Hewitt then reminded Codrington that he had been promised "something from the last time”, and Codrington replied that he would give him 5, that the dope was not his but another’s and that if it were his he would give Hewitt 30. Thereupon Codrington walked to the door and called defendant Scarborough to come inside. As she entered Codrington went to a cabinet in the kitchen, took out a brown paper bag and gave it to the girl, directing her to give Hewitt 25 glassine envelopes. Codrington then returned to a conversation with another person in the premises, and Scarborough removed glassine envelopes from the bag, took $200 tendered by Hewitt and delivered the 25 envelopes to him, whereupon the undercover agent put the envelopes containing a substance later identified as more than one-eighth ounce of heroin in his pocket and left, calling out a farewell to Codrington.
Officer Hewitt’s testimony was corroborated in part by that of a back-up officer who had observed the movements of the undercover agent and of defendants from a vantage point in an apartment building across the street and by photographs which he had taken of them as each was outside, entering or exiting the storefront at the time of the events to which Hewitt testified.
Each defendant testified that he or she had been at or about the Last Chance Shoe Shine Parlor regularly during June, 1976 and possibly had been there on June 9; both however denied that they had been involved in the heroin transaction described by Hewitt. Codrington denied having called Scarborough into the storefront to make a sale, having sold heroin to Hewitt, having handed a brown paper bag containing heroin to Scarborough and having told Hewitt he would give him 30 envelopes of heroin if it had been his. When shown the glassine envelopes at the trial he testified that he had never before seen them or their contents. Scarborough for her part could not recall Codrington having handed a paper bag to her and denied that she had been told by the codefendant to give 25 envelopes to Hewitt, that she had given envelopes to him and that she had received $200 from him. She testified that the first time she had seen Hewitt was when he appeared as a witness at the trial.
Following the conclusion of the evidence the trial court *368 submitted only the charge of criminal sale of a controlled substance to the jury and refused the defendants’ requests that the lesser charges of criminal possession in the third and fifth degrees alleged in the indictment also be submitted, stating that the transaction testified to "was either a sale or not” and that there was no evidence that defendants possessed the drugs for any period of time other than as part of the alleged sale. The Appellate Division rejected defendants’ claim that this was error and affirmed the judgments of conviction. We concur in that determination and disposition.
The standard for determining whether a lesser included offense — i.e., an offense, the commission of which is necessarily embraced in the commission of a crime of a higher degree (CPL 1.20, subd 37) — must be submitted to a jury is set forth in CPL 300.50. Subdivision 1 of that section provides, insofar as relevant: "In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense.” Subdivision 2 provides that if the court is authorized by subdivision 1 to submit a lesser included offense and is so requested by either party it must do so.
It is apparent under these statutory provisions that lesser included offenses are not to be submitted for consideration by the jury in reaching its verdict in every case (People v Discala, 45 NY2d 38, 42). There must exist "a reasonable view of the evidence” upon which might be predicated a conclusion that the defendant did in fact commit a lesser, but not the greater, offense; if there is no such reasonable view, a submission of lesser offenses is improper. The requirement of existence of a reasonable view of the evidence supporting a finding of commission of the lesser offense alone was introduced in the criminal procedural statute in 1970 (L 1970, ch 996, eff Sept. 1, 1971) and represented a substantial alteration in language from that which had appeared in sections 444 and 445 of the Code of Criminal Procedure from which it was derived. The previous statutes on their face had authorized a jury, without qualification or restriction, to find a defendant guilty of a *369 lower degree or of a lesser included offense of the crime charged.[1] As is apparent from the staff comments of the Temporary Commission on Revision of the Penal Law and Criminal Code which accompanied the 1970 legislation, however, enactment of present CPL 300.50, although linguistically different from its statutory predecessors, was intended merely to reflect current judicial interpretation of the prior statute and codified what was termed the "prevailing rule established in People v. Mussenden, 1955, 308 N. Y. 558, 562-563” (Commission Staff Comment to CPL 300.50). In Mussenden this court had articulated the principle that "the submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one. * * * The trial court may not * * * permit the jury to choose between the crime charged and some lesser offense where the evidence essential to support a verdict of guilt of the latter necessarily proves guilt of the greater crime as well. With the record in that state, there is no basis in the evidence for differentiating between the several offenses and no warrant for submitting any but that charged in the indictment” (308 NY, p 563).
In cases decided since the adoption of CPL 300.50 we have continuously given effect to the explicit requirement of existence of a reasonable basis in the evidence for a finding of guilt of the lesser count and rejection of the greater count, pointing out by recital of the relevant proof how such a result might be reached by the jury. Examination of those cases, as well as cases decided before 1970 under the Mussenden precept, reveals the evolvement of a criterion which, when applied to the proof in a particular case, answers the inquiry whether a lesser included offense should be submitted to the jury — if, on the whole record, there is not some identifiable, rational basis on which the jury could reject a portion of the prosecution’s case which is indispensable to establishment of the higher crime and yet accept so much of the proof as would *370 establish the lesser crime, then the lesser included offense may not be submitted.
Such a basis exists, for example, when the defendant by his own testimony denies only the ingredient of the criminal transaction which is a necessary component of the greater crime and either admits or does not deny the elements of the lesser offense. Thus, in People v Malave (21 NY2d 26), the court, in addition to noting "a considerable doubt as to the transactions” in consequence of the police officer’s testimony, observed that the defendant largely limited himself to denying that he had sold drugs to the identified purchaser and admitted that he had himself been a user of narcotics. The court found that ”[t]he jury might have taken this as, in some part at least, a denial of sale but an implicit admission of possession” (21 NY2d, p 30), and held that charges of possession as well as of sale should have been submitted to the jury. In People v Asan (22 NY2d 526) a defendant who denied ownership or production of a knife with which he claimed the stabbing victim had assaulted him was held to be entitled to submission of a count of second degree manslaughter (culpable negligence in use of the knife) as well as of murder first degree. In People v Freeman (22 NY2d 526) a defendant who denied having committed a theft (contending that the money had been voluntarily paid to him) and also denied ownership and use of the weapon by which the complainant had been injured was entitled to submission of lower counts of robbery and assault in a prosecution for robbery first degree and assault second degree predicated on proof of a robbery committed at knifepoint and of a slashing movement at the victim with the knife. In People v Johnson (45 NY2d 546) it was error to deny submission to the jury of a count of possession of a controlled substance in a narcotic sale prosecution case in which defendant gave testimony which tended to deny that he had made the sale but admitted possession.
Another example of a rational basis for the jury’s rejection only of proof which establishes the greater crime was demonstrated in People v Henderson (41 NY2d 233). In that case, in which defendant was charged with attempted burglary and the proof of his intent to commit a crime within the premises sought to be entered was wholly circumstantial, we held that the lesser crime of criminal trespass should have been submitted, inasmuch as the jury might have concluded that the requisite standard of proof on the question of intent to commit *371 a crime had not been met, although that for unauthorized presence on the premises had been.
Still another illustration is to be found in People v Stanfield (36 NY2d 467), a homicide case in which the court concluded that there was a rational basis to sustain a finding of either of two states of mind of the defendant. On the evidence in the record the jury could have found either that the defendant perceived and consciously disregarded the risk of harm (supporting a conviction of manslaughter, second degree) or that the defendant negligently failed to perceive the risk (supporting a conviction for criminally negligent homicide).
Other circumstances suggest themselves as possibly presenting a rational ground for a jury’s disbelief of some, but not all, of the prosecution’s proof. If, as is most often so, the People’s case is a composite of several witnesses and perhaps exhibits, some segments of the evidence — and even some portions of a single witness’ testimony — may be impugned, cast in doubt or discredited by the introduction of contradictory proof or by disclosure on cross-examination of faulty memory, bias, lack of adequate vantage point for observation and the like. If the record demonstrates one of these or some other rational basis on which the jury might reasonably discredit the proof which would establish defendant’s commission of the greater crime, yet accept that of guilt of the lesser, then the statute compels submission of the lesser offense if requested.
Where however examination of the record discloses no identifiable basis on which a jury might reasonably differentiate between segments of the proof and "charging the lesser included offense would force the jury 'to resort to sheer speculation’ ”, the result is otherwise (People v Discala, 45 NY2d 38, 43, supra). As we said most recently in the Discala case: "[Fundamentally, the jury should not be permitted to choose between the crime charged and some lesser crime where the evidence essential to support a verdict of guilt of the lesser necessarily proves guilt of the greater crime as well [authorities omitted]” (45 NY2d, p 43). Thus, in People v Freeman (22 NY2d 526, supra), the robbery case in which the defendant contended payment had been voluntary, we found no error in the trial court’s refusal to submit a count of petit larceny, stating: "[U]pon no version of the facts could defendant be guilty of this crime and not guilty of a greater crime. Defendant either took the money by force, or complainant voluntarily paid him the money” (22 NY2d, p 532). Similarly, *372 in People v Reisman (29 NY2d 278) we upheld the trial court’s refusal to submit a requested charge of possession of a dangerous drug in the fourth degree (for which proof of quantity was not relevant) in a prosecution for possession in the first degree (of which quantity was an element) in which the proof established that the defendant had claimed at an airline freight counter cartons containing 46 pounds of marihuana consigned to him. Rejecting the defendant’s assertion of error in the refusal of the submission of the lower count we said: "The weight of the contraband in the carton was uncontradicted. Moreover, the nature of the case and its circumstances depended entirely on a commercial-like shipment of the large quantity. The case could stand or fall on that proof and no other. Consequently, under no view of the facts, because there was no basis in any of the evidence, could the jury find the accused innocent of the higher crime and yet guilty of the misdemeanor which required no minimum quantity” (29 NY2d, p 287).
It may be acknowledged that some of the language employed in our opinions, if read literally, might be taken as calling for the submission of the lesser included offenses of possession in the present case. Examination ' of the actual determinations, as the foregoing analysis discloses, confirms that such a literal reading is not warranted. Thus, the preMussenden, pre-Criminal Procedure Law statement that "every possible hypothesis” but guilt of the higher crime must be excluded to eliminate submission of lesser included crimes (People v Moran, 246 NY 100, 103) might imply in consequence of the use of the word "hypothesis” the right of the jury to engage in a wholly arbitrary, even irrational, selection from the proof. The cases, however, have presented fact patterns in which there was a rational basis for a discriminating evaluation of the evidence (e.g., People v Johnson, 45 NY2d 546, supra; People v Henderson, 41 NY2d 233, supra; People v Malave, 21 NY2d 26, supra).
Similarly our recognition, now as in the past, of the jury’s freedom "to accept or reject part or all of the defense or prosecution’s evidence” (e.g., People v Henderson, 41 NY2d 233, 236, supra) has been based on an awareness that all of the proof on one side quite reasonably may not be accorded the same probative worth. Thus, as suggested above, one witness may be stronger than another, documentary proof may be more persuasive than oral testimony, there may be *373 contradictory proof as to a portion but not all of the proof, cross-examination may effectively undermine a significant portion, although not all, of a witness’ testimony; in sum there may be a rational basis for sorting out proof. The principle, however, has never been applied to countenance selective dissection of the integrated testimony of a single witness as to whom credibility, or incredibility, could only be a constant factor.[2]
The soundness of the rule which has evolved is underscored by consideration of the consequence of the acceptance of the proposition that there must be a charge down in every case in which any distillate of the total proof, however artificial or irrational, would support a conviction of the lesser but not the greater crime — that is, if the test were to be a literal "any view” of the evidence rather than a "reasonable view” of the evidence. The result would be that the spectrum of all theoretical lesser included offenses within the embrace of CPL 1.20 (subd 37) would have to be charged on request in each case within each family of criminal transactions, e.g., controlled substances, larceny, theft, assault, homicide, sex offenses. This would leave to the jury nearly absolute freedom in every prosecution to convict on any rung of the ladder of offenses in the same category and thus " 'to resort to sheer speculation’ ” as condemned in Discala (45 NY2d 38, 43, supra).
We proceed then to apply the standard discussed above to the proof in the case before us to determine whether submission of the possession counts requested by defendants was required by CPL 300.50. Thus, we inquire, is there any reasonable view of the evidence which would support a finding that defendants committed the crime of possession of a controlled substance but did not commit the crime of sale of a controlled substance? Examination of the record discloses that there is none. Proof to support any criminal conviction of either of these two defendants came only from the lips of undercover Officer Hewitt. There would be no rational explanation for accepting his testimony as to possession but disbelieving that with respect to sale. Cross-examination was indiscriminately ineffective; defendants’ denials embraced both crimes with equal persistence. To permit the jury selectively to have found possession but not sale would be to countenance its arbitrary *374 sorting of the testimony of a single witness — as if, with scissors and paste, it might construct a wholly artificial line of testimony to support one crime while discarding the portions which it had seen fit to cut away. This record affords no basis in reason for any such arbitrary, selective determination of what is to be taken as credible and what to be rejected as incredible. As the Trial Judge aptly put it, there was either a sale or nothing. If the jury credited defendants’ denial of the transaction, they were entitled to an acquittal of any charges of drug offenses. Under such circumstances submission of the possession counts would have violated the statutory injunction —"If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense” (CPL 300.50, subd 1).
Finally, our examination of the record has satisfied us that there is no substance to defendant Scarborough’s claim of insufficiency of proof on the issue of her knowledge of the weight or the nature of the contents of the glassine envelopes which she delivered to the buyer Hewitt (People v Reisman, 29 NY2d 278, supra).
Accordingly, the orders of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
In each case: Order affirmed.

. Section 444 of the Code of Criminal Procedure insofar as relevant, provided: "Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime.” Section 445 of the Code of Criminal Procedure provided: "In all other cases, the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment.”

. To the extent that the decision in People v Law (41 NY2d 307) may appear to be at variance, we decline to follow it.