■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YASH PAL GUPTA, Appellant. — Order unanimously affirmed. Memorandum: In *People v Gupta* (80 AD2d 743), we reserved decision on defendant's appeal from the denial of his motion pursuant to CPL 440.10 and remitted the matter for an evidentiary hearing and findings of fact concerning his contentions that the prosecuting authorities reneged on a "deal" in which they agreed to recommend a 10-year sentence in return for defendant's giving information about his sources of drug supply in India. The 670-page transcript of the hearing at which 18 witnesses testified demonstrates that all of defendant's assertions were throroughly explored. In a detailed decision, the court has set forth its findings including specifically that: no promise of a reduction in the charges or of any specific sentence was made to defendant; defendant was advised that any information given by him concerning his sources of supply or other co-operation would be brought to the attention of the court at the time of sentencing of his younger brother who was also under arrest for drug offenses; while defendant made one telephone call to India to a supplier, the call gave the authorities no information they did not already have and led to no arrests, and defendant refused further co-operation. The court's findings are fully supported by the record. There is no merit to defendant's contentions that the court did not offer to appoint a fully qualified and competent lawyer to represent defendant or that the defendant's right to a full and fair hearing was in some way curtailed. (Resubmission of appeal from order of Monroe County Court, Bergin, J. — CPL art 440.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YASH PAL GUPTA, Appellant. (Appeal No. 1.) — Judgment unanimously affirmed. Memorandum: In his appeal from a judgment of conviction for criminal sale of a controlled substance in the first degree (Penal Law, § 220.43, subd 1) and criminal possession of a controlled substance in the first degree (Penal Law, § 220.21, subd 1), defendant maintains that the court erred in refusing to submit to the jury the lesser included offenses of criminal sale of a controlled substance in the second degree (Penal Law, § 220.41, subd 1) and criminal possession of a controlled substance in the second degree (Penal Law, § 220.18, subd 1). We reject the contention. The convictions were based on the sale and possession of one plastic bag containing four separately wrapped packets of a white crystalline substance found to contain morphine. The total weight of the substance was slightly under four ounces — more than the minimum weight required to

support convictions under subdivision 1 of section 220.43 of the Penal Law (which at the time required at least one ounce of the substance) and subdivision 1 of section 220.21 of the Penal Law (which at the time required two ounces of the substance). The expert testimony was that the several tests performed showed the contents of each package to be the same and that the substance tested contained morphine. Nothing developed in detailed cross-examination of the chemist or in other testimony suggests any evidentiary basis for a conclusion that the substance in any one of the packets differed in any respect from that in the others. Thus, if the jurors believed the chemist's testimony that the white crystalline powder tested contained morphine, there would be no "identifiable, rational basis" on which they could find that the substance in one or more of the packets contained morphine and at the same time conclude that the substance in the other packets did not. Such a finding would necessarily have depended on sheer speculation, and the court's refusal to submit the lesser included offenses was therefore proper (see *People v Scarborough,* 49 NY2d 364, 369, 371, 372; CPL 300.50, subd 1). We have examined the other points raised on appeal and find them to be without merit. (Appeal from judgment of Monroe County Court, Bergin, J. — criminal sale controlled substance, first degree, and another charge.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.