■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW D. BLIM, Appellant. — Appeal from a judgment of the County Court of Schuyler County (Barrett, J.), rendered August 23, 1982, upon a verdict convicting defendant of the crime of burglary in the third degree. During the early morning hours of November 25, 1981, Sergeant Daryl Avery of the Schuyler County Sheriff's department responded to a burglar alarm at the Moose Lodge in Montour Falls. After leaving his patrol car and while investigating the scene, Avery observed two people running away from the lodge toward a grassy hill, on the other side of which was Route 14. Avery drew his service revolver and ordered the people to halt, which the person later identified as James Lewis did. The other person turned his head, providing Avery with an opportunity to observe him, and continued running over the hill toward Route 14. Avery gave chase after turning Lewis over to another policeman, but was unable to find the other person, who was identified by Avery as defendant, with whom Avery was acquainted. Defendant was later taken into custody after being found at Lewis' apartment. Defendant was indicted, tried and convicted for burglary in the third degree, the only charge submitted to the jury after County Court refused defendant's request to charge the jury on the lesser included offense of criminal trespass in the third degree. Because we conclude that it was error not to charge the jury on criminal trespass in the third degree, we reverse. Criminal trespass in the third degree (Penal Law, § 140.10, subd [a]) is a lesser included offense of burglary in the third degree (Penal Law, § 140.20) because all of the elements of criminal trespass in the third degree under subdivision (a) of section 140.10 of the Penal Law are included in burglary in the third degree, thereby making it impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser (CPL 1.20, subd 37; see *People v Martin,* 59 NY2d 704, 705; *People v Glover,* 57 NY2d 61, 63). Thus, criminal trespass in the third degree should have been charged if, under any reasonable view of the evidence, a jury could find that defendant committed the lesser offense but not the greater (CPL 300.50, subds 1, 2; see *People v Glover, supra*), keeping in mind that the evidence must be viewed in the light most favorable to defendant (see *People v Shuman,* 37 NY2d 302, 304). In this case, Lewis testified against defendant that he and defendant entered the lodge for the purpose of robbing the safe. There was other testimony that $11 was missing from the bar at the lodge after this incident. Thus, the jury apparently found that defendant intended to commit a crime in the lodge, thereby satisfying that element of burglary in the third degree. The jury, however, which " 'may, on almost any excuse, convict of a lower degree of crime although conviction of a higher degree is clearly warranted' " (*People v Malave,* 21 NY2d 26, 29, quoting *People v Clemente,* 285 App Div 258, 264, affd 309 NY 890), might also have discredited Lewis' testimony, especially in light of Lewis' plea bargain in return for his testimony (see *People v Scarborough,* 49 NY2d 364, 371), and decided that defendant never intended to commit a crime in the lodge, thus satisfying only the elements of criminal trespass in the third degree (see *People v Henderson,* 41 NY2d 233, 236-237). In fact, County Court, in response to defendant's request to charge the lesser included offense, stated, "If it weren't for Lewis's testimony I would be certainly inclined to charge a lesser included offense." As County Court thus recognized, the other testimony tending to establish that $11 was taken from the bar at the lodge by defendant and Lewis could also have been reasonably discredited by the jury because the barmaid who testified that the money had been taken was involved in other

criminal conduct at about the time of this incident, the president of the lodge had not seen the $11 for a day or two prior to this incident, and the $11 was never found. The evidence, when viewed in this light, would permit a finding by the jury that defendant lacked the requisite intent for burglary in the third degree and committed only criminal trespass in the third degree. Thus, County Court erred in failing to charge the lesser included offense requested. In view of the fact that there must be a new trial, we need not consider the other alleged errors, except to note that in the absence of any actual prejudice or a substantial risk thereof, there is no need to disqualify the District Attorney from prosecuting this case because he previously represented defendant on unrelated criminal matters (see *Matter of Schumer v Holtzman,* 60 NY2d 46, 55; cf. *People v Jackson,* 60 NY2d 848; *People v Shinkle,* 51 NY2d 417; *People v Zimmer,* 51 NY2d 390). Judgment reversed, on the law, and matter remitted to County Court of Schuyler County for a new trial. Sweeney, J. P., Main and Levine, JJ., concur.

Casey and Mikoll, JJ., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). In our opinion, no reasonable view of the evidence in this case required the trial court to charge trespass in the third degree as a lesser included offense of burglary in the third degree. The $11 that was missing from the bar, together with the testimony of James Lewis, clearly supports the conclusion that defendant and Lewis broke into and entered the lodge with the intent to steal. Evidence of preparation by defendant and Lewis and evidence that they brought tools along with them when they broke into the building is also entirely consistent with this conclusion. Accordingly, the trial court properly charged burglary in the third degree only. In order to support the lesser charge of criminal trespass in the third degree, the jury would have to believe that part of Lewis' testimony that he and defendant broke into the lodge, and disbelieve that part of his testimony that they did so with the intent to steal. In regard to finding guilt on lesser included offenses, a jury is not permitted to selectively pick and choose what portions of a witness' testimony to believe while disbelieving other portions, unless there is a rational basis in the record to do so (*People v Scarborough,* 49 NY2d 364, 372-373). The principle that the jury may accept or reject part or all of the defense or prosecution's evidence has never been applied to countenance selective dissection of the integrated testimony of a single witness as to whom credibility or incredibility could only be a constant factor (*People v Scarborough, supra,* p 373). Thus, a jury is not permitted arbitrarily to sort the testimony of a single witness in order to construct a wholly artificial line of testimony to support one crime while discarding the portions which it had seen fit to cut away (*People v Scarborough, supra,* pp 373-374). As in *Scarborough,* this record affords no rational basis for such arbitrary selective determination of what portion of Lewis' testimony is to be taken as credible and what portion is to be rejected as incredible. To require or permit the trial court to submit the lesser charge of criminal trespass in the third degree under such circumstances would violate the provisions of CPL 300.50 (subd 1). Therefore, we respectfully dissent and would vote to affirm the judgment of conviction.