■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD J. FRYE, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Eight years before the instant charges of criminal sale and possession of marihuana, the District Attorney, while in private practice, had represented that defendant on unrelated charges. Defendant contends that the failure to disqualify the District Attorney's office solely on account of that prior representation mandates reversal of his conviction. We disagree.

Where the charges are unrelated, removal of the prosecutor is warranted only when necessary to protect a defendant from actual prejudice arising from a conflict of interest or a substantial risk of an abuse of confidence *(People v Holmes,* 117 AD2d 480, 484, *lv denied* 68 NY2d 757; *see also, Matter of*

*Schumer v Holtzman,* 60 NY2d 46, 55; *People v Blim,* 98 AD2d 944, 945, *revd on other grounds* 63 NY2d 718). The record before us fails to suggest any "significant possibility" of an actual conflict *(see, People v Jackson,* 60 NY2d 848, 850).

We also conclude that the inadvertent loss of a tape recording of a telephone conversation had with defendant and the deliberate erasure of a tape of a conversation had with defendant where the equipment malfunctioned shortly after the tape started did not deprive defendant of his constitutional right of confrontation. Police officers testified that the second tape lacked any evidentiary value whatever, and there is no demonstration that either tape contained any exculpatory material. In the absence of some showing suggesting that the recordings possessed some exculpatory value, a reversal for the failure to preserve evidence is not required *(California v Trombetta,* 467 US 479, 488-489; *see also, United States v Valenzuela-Bernal,* 458 US 858, 872-874). (Appeal from judgment of Jefferson County Court, Aylward, J.—criminal sale of marihuana, third degree, and other offenses.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.