■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DAVIS, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered May 27, 1987, convicting defendant of· grand larceny in the third degree and sentencing him as a second felony offender to a prison term of 1½ to 3 years, unanimously affirmed.

A transit police decoy unit arrested defendant for stealing jewelry from one of the undercover officers. Two of the officers testified at trial that they directly observed defendant remove the jewelry from the decoy officer, who in turn testified that his eyes were closed at the time but that he felt the jewelry being removed. Another officer testified that he did not actually see the theft because of his distant viewpoint. The stolen property was recovered on defendant's person. Defendant was convicted of the only count, grand larceny in the third degree.

Defendant argues that the court should have charged attempted grand larceny as a lesser included offense. If there is a rational basis to reasonably discredit the proof that would establish a defendant's commission of the greater crime, yet accept his commission of the lesser, then the lesser included offense must be submitted upon request. *(People v Scarborough,* 49 NY2d 364, 371.) Here, however, neither the testimony of the decoy officer who had his eyes closed during the incident nor the testimony of the officer who viewed the incident from a distance reasonably discredited the testimony of the officers who directly observed the theft. Thus, the trial court properly refused to submit the lesser charge. Concur— Rosenberger, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.