Levine, J.
(dissenting). I respectfully dissent. In my view, the trial court erred in refusing to submit to the jury the lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1] [reckless homicide]). Thus, I would affirm the order of reversal and remittal for a new trial, but on a ground different from that adopted by the Appellate Division.
As the majority notes, we must assume for purposes of this appeal that the proof of defendant’s consumption of drugs and alcohol and their effect on him constituted "sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent [to cause the victim Anderson’s death] on that basis” (People v Perry, 61 NY2d 849, 850) and, therefore, the trial court was correct in giving an intoxication instruction. I also agree with the majority that a validly given intoxication charge does not automatically require the court to instruct the jury on every lesser included offense to the crime charged. The court must make the independent inquiry and determination required by CPL 300.50 (1) for submission of each lesser included offense of the pertinent count of the indictment, whether "there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater” (id.; see also, People v Glover, 57 NY2d 61, 63).
Applying the required CPL 300.50 (1) analysis here, I also agree with the majority that, on the undisputed facts of this case, notably the vicious infliction of 34 knife stab wounds to Anderson’s body, nine of which were fatal, submission of the lesser included offense of manslaughter in the first degree under Penal Law § 125.20 (1) was not required, and that the Appellate Division erred in so holding. There simply was no evidentiary basis in the record for the jury to have found that defendant’s intoxication created a reasonable doubt as to his intent to cause the victim’s death (the culpability element of murder in the second degree) but not as to his intent to cause *636 the victim serious injury (the culpability element of manslaughter in the first degree under Penal Law § 125.20 [1]). A jury verdict of acquittal of murder in the second degree but guilty of manslaughter in the first degree would not be grounded upon any identifiable basis in the evidence, but on sheer speculation (see, People v Scarborough, 49 NY2d 364, 369, 371; see also, People v Discala, 45 NY2d 38, 43).
At first blush, the same reasoning would seem likewise to apply to the intentional murder lesser included offense of manslaughter, second degree, as "recklessly caus[ing] the death of [Anderson]” (Penal Law § 125.15 [1]); that is, that the jury had no basis upon which to conclude that defendant’s intoxication negated his specific intent to kill but did not negate his awareness and conscious disregard of the substantial and unjustifiable risk that his conduct would cause Anderson’s death (see, definition of "recklessly”, Penal Law § 15.05 [3]). Indeed, it is this reasoning that forms the basis of the majority’s conclusion that, in view of the ferocity of defendant’s attack on Anderson, "[t]he crime was intentional murder * * * or nothing” (majority opn, at 634).
As both I and the majority have already accepted, however, in this case there was sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent to kill. What the majority fails to consider in their analysis is that the Legislature has imposed by statute a limitation on the use of evidence of intoxication to negate criminal culpability: evidence of intoxication cannot be used to negate recklessness (Penal Law § 15.05 [3]; People v Register, 60 NY2d 270, 280; see also, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 15.25, at 48 ["(voluntary intoxication may not negate a 'reckless’ culpable mental state”]). Thus the Penal Law definition of the reckless level of mental culpability states that "[a] person who creates such a risk [here, of causing death] but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto” (Penal Law § 15.05 [3]).
As we held in People v Register (60 NY2d 270, supra), the purpose of the intoxication proviso in the definition of reckless culpability was to exclude from the fact finder’s consideration of a defendant’s guilt of a reckless crime the effect of intoxication to negate the perpetrator’s awareness and conscious disregard of the substantial risk that his or her conduct would cause the prohibited result.
*637 "The rationale is readily apparent: the element of recklessness itself — defined as conscious disregard of a substantial risk — encompasses the risks created by defendant’s conduct in getting drunk. "Ultimately, the only intended purpose in permitting the jury to consider intoxication in a reckless crime is to negate defendant’s awareness and disregard of the risk. It is precisely that point — the inconsistency of permitting reckless and otherwise aggravating conduct to negate an aspect of the offense — that persuades us that intoxication evidence should be excluded whenever recklessness is an element of the offense” (id., at 280).
It follows from the foregoing that, if in this case manslaughter, second degree (reckless homicide), had been submitted as a lesser included offense to intentional murder, the trial court would have appropriately instructed the jury not to consider the evidence of intoxication in determining defendant’s awareness and conscious disregard that his conduct in inflicting 34 stab wounds (nine of which were fatal) upon the victim would create a substantial and unjustifiable risk of her death. Without consideration of the effect of intoxication on defendant’s mental state, clearly the jury could have inferred defendant’s "conscious disregard” from his acts alone.
It appears self-evident that, in performing the required analysis under CPL 300.50 (1) to determine whether manslaughter, second degree (reckless homicide), should have been submitted here as a lesser included offense to intentional murder, we must take into account that the jury would, thus, have been instructed to consider the effect of defendant’s intoxication on his guilt of murder, but not on his guilt of manslaughter in the second degree. That being so, the conclusion appears inescapable that there would indeed have been a rational basis for the jury to have acquitted defendant of murder and yet convicted defendant of manslaughter, second degree (People v Scarborough, supra), and, therefore, the trial court committed reversible error in failing to submit that lesser offense to the jury. Accordingly, I vote to affirm the Appellate Division’s order reversing and remitting for a new trial.
Chief Judge Kaye and Judges Simons, Smith and Ciparick concur with Judge Bellacosa; Judge Levine dissents and
*638 votes to affirm in a separate opinion in which Judge Titone concurs.
Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.