**F I L E D**
**United States Court of**
**Appeals**
**Tenth Circuit**

**February 26, 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,    )
         )
    Plaintiff-Appellee,    )
         )    No. 96-3009
v.    )
         )
ANTHONY G. MOORE,    )
         )
    Defendant-Appellant.    )

_____

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 95-10004-01)

_____

Kurt P. Kerns, of the Law Offices of Leslie F. Hulnick, Wichita, Kansas, for Defendant-Appellant.

Debra L. Barnett, Assistant United States Attorney (Jackie N. Williams, United States Attorney with her on the brief), Wichita, Kansas, for Plaintiff-Appellee.

_____

Before **MURPHY,** Circuit Judge, **BARRETT** and **RONEY**[*]**,** Senior Circuit Judges.

_____

RONEY, Senior Circuit Judge:

_____

[*]The Honorable Paul H. Roney, Senior Circuit Judge of the Eleventh Circuit, sitting by designation.

Appellant Anthony G. Moore appeals his convictions on multiple cocaine counts.[1] He argues two grounds for a new trial, *first*, newly discovered exculpatory evidence, and *second*, the district court erroneously refused to give a requested lesser included offense instruction concerning simple possession. We affirm.

**New Trial - Newly Discovered Evidence**

The argument based on newly discovered evidence is rejected under our abuse of discretion standard of review. *United States v. Muldrow*, 19 F.3d 1332, 1339 (10th Cir.), *cert. denied*, 115 S.Ct. 175 (1994). The argument is based on a post-trial affidavit of Larry Phillips, an original codefendant tried separately. The affidavit sought to absolve Moore of culpability. The district court decided that the statements by Phillips were neither newly discovered nor of a credibility level to affect the outcome of the trial.

At Phillips's separate trial, which preceded Moore's trial, Phillips testified that Moore had tortured him into selling drugs and had been the ringleader of the operation. After his trial and after Moore's trial, Phillips signed an affidavit that recants this testimony and exonerates Moore. Moore argues that this affidavit constitutes newly discovered evidence.

---

[1]    (1) conspiracy to distribute cocaine base (21 U.S.C. §§ 841(a)(1) and 846); (2) intentional possession with intent to distribute more than five grams of cocaine base (21 U.S.C. § 841(a)(1) and 18 U.S.C. §2); and (3) maintaining a place for the distribution of cocaine base (21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2). The district court entered a judgment of acquittal on Moore's convictions on two gun counts pursuant to *Bailey v. United States*, 116 S.Ct. 501 (1995).

At Moore's sentencing hearing, however, Moore stated that *prior* to Moore's trial, Phillips had already told Moore's first attorney that Moore had nothing to do with the drug activities. Moore's trial counsel then stated that he had made a strategic decision not to call Phillips or Moore's former attorney to the stand. The district court did not abuse its discretion in deciding that the affidavit was not newly discovered and, in any event, it was not sufficient, when compared to Phillips's trial testimony, to justify a new trial.

## Denial of Lesser Included Offense Instruction

The defendant claims that the evidence at trial required an instruction that he could be convicted of mere possession of cocaine, a lesser offense included in the ones for which he was convicted. The district court denied the request for this instruction based upon its assessment that the evidence presented did not support such an instruction. This issue requires a close review of the evidence in light of the correct test for deciding this issue.

Defendant is entitled to a lesser included offense instruction if (1) there was a proper request; (2) the lesser included offense includes some but not all of the elements of the offense charged; (3) the elements differentiating the two offenses are in dispute; and (4) a jury could rationally convict the defendant of the lesser offense and acquit him of the greater offense. *Fitzgerald v. United States*, 719 F. 2d 1069, 1071 (10th Cir. 1983). This issue turns on the fourth element, whether the district court correctly determined that a rational jury could not have convicted Moore of possession while acquitting him of possession with intent to distribute.

We first note that in none of the three Tenth Circuit cases cited by the defense for the applicable principle was there a reversal on appeal because of the denial of the lesser included offense charge. In *United States v. Haar*, 931 F.2d 1368, 1372 (10th Cir. 1991), where defendant's fingerprints were found on glassware comprising a methamphetamine lab, and the trial court found that there was no evidence elicited of mere possession and "all of the evidence was directed to manufacture and the jury [was] either going to have to believe that he was involved in the manufacture or not," we held that the court did not err in rejecting the lesser included offense instruction. In *United States v. Leopard*, 936 F.2d 1138, 1143 (10th Cir. 1991), we held there to be no error in refusing a charge on simple possession as a lesser included offense of possession with intent to distribute, where testimony of the government witness was that defendant possessed "middle or lower level distributor quantities." In *Fitzgerald*, 719 F.2d at 1072, we held that a "surprising lack of evidence supporting mere possession charge" justified the refusal to give a lesser included charge where the evidence of possession with intent to distribute consisted of $18,000 worth of drugs and sensitive scales for weighing found in defendant's hotel room, to and from which there had been substantial traffic.

Only when an appellate court is convinced that the evidence issues are such that a rational jury could *acquit* on the charged crime but *convict* on the lesser crime may the denial of a lesser included offense charge be reversed. *Keeble v. United States*, 412 U.S. 205 (1973). This principle has been consistently followed in the Tenth Circuit cases which did

4

reverse for failure to give the lesser included offense instruction. *United States v. Burns*, 624 F.2d 95, 104 (10th Cir.) (reversal where evidence that defendants had flown from San Diego to Denver to purchase a potentially distributable quantity and purity of cocaine alone "was sufficient to support the jury's inference that [defendants] possessed cocaine with intent to distribute, but the jury was free also *not* to draw such an inference.") (emphasis added), *cert. denied,* 449 U.S. 954 (1980); *United States v. Pino*, 606 F.2d 908 (10th Cir. 1979) (reversal where there was rational basis to have considered careless driving as lesser included offense of involuntary manslaughter).

Other circuits follow this rationale, when reversing a conviction because no lesser included offense charge was given.[2] In this case, the defendant fails to meet this test. The

---

[2] *United States v. Garcia-Duarte*, 718 F.2d 42 (2d Cir. 1983) (jury could have rationally concluded that defendant possessed cocaine, but had no intent to distribute it, where evidence consisted of .23 grams of 24% pure cocaine, wet plastic bags with cocaine residue, and a small scale together with a sifter, metal cup, and plastic card, all with cocaine residue); *United States v. Baker*, 985 F.2d 1248 (4th Cir. 1993) (where an undisputed cocaine abuser was alleged to have bought one to three ounces of cocaine per week and Government did not show that drugs were paid for with the proceeds of drug sales, if jury chose to disbelieve testimony of isolated incidents of distribution, jury could have rationally convicted on lesser included simple possession), *cert. denied sub nom. Blackwell v. United States*, 510 U.S. 1040 (1994); *United States v. Lucien*, 61 F.3d 366 (5th Cir. 1995) (where officer's testimony regarding whether 16.48 grams of cocaine base was too large an amount for personal use was ambiguous; $1200 was found in defendant's apartment but there was no testimony regarding defendant's assets or occupation; there was testimony that foil wrappers found with the cocaine could be consistent with personal use as well as distribution; and three guns were found in the defendant's apartment, a reasonable jury could have found defendant guilty of simple possession, but acquitted on possession with intent to distribute); *United States v. Sitton*, 968 F.2d 947 (9th Cir. 1992) (defendants convicted of conspiracy to manufacture methamphetamine were entitled to reversal of possession with intent to distribute conviction where court refused lesser included simple possession charge on

5

evidence against Moore was this: (1) He was seen inside a crack house making hand-to-hand exchanges with people who were there to buy drugs. (2) Upon execution of a search warrant, a large quantity of crack cocaine was found at this residence, as well as a large amount of cash. (3) The majority of this money was found in Moore's pockets. (4) As the officers had moved in to execute the warrant, Moore was observed walking away from the house and throwing some object. An opened baggy of crack cocaine rocks was found in the area where Moore made the throwing motion. (5) Moore's wife rented the house, which was not being used as a residence. (6) The utilities for the house were in the names of Moore's wife, sister, and associates. (7) After initially giving a different story, Moore then told a detective that he knew about the drug activity at the house, that he was there while it occurred, and that he chose to be around this activity so that he could protect codefendants Phillips and Carter.

The principle is sometimes phrased this way: a defendant is always entitled to an instruction giving his theory of defense if supported by the evidence. *See, e.g., United States v. Pino,* 606 F.2d 908, 917 (10th Cir. 1979). This evidence did not support the theory of simple possession. There was no rational basis to convict Moore on simple possession even

---

evidence of possession of mixture containing methamphetamine which jury could rationally have concluded was waste from manufacturing process not intended for repurification and distribution), *cert. denied sub nom. Romero v. United States*, 506 U.S. 879 (1992), and *cert. denied*, 507 U.S. 929 (1993); *United States v. Gibbs*, 904 F.2d 52 (D.C. Cir. 1990) (where five individuals were stopped in a car and found to be in possession of 15.5 grams of cocaine, various weapons, and ammunition, a reasonable jury could have found defendants guilty of simple possession and not guilty of possession with intent to distribute).

if the jury simply believed the testimony of some witnesses and disbelieved the testimony of others.

To hypothesize such a rational basis, the jury would have to go further and dissect the testimony of individual witnesses, selecting some portions of their testimony as credible and disbelieving other portions. While it is sometimes permissible for the jury to dissect and reconstruct evidence to identify a rational basis upon which to convict on the lesser and acquit on the greater offense,[3] the process of dissection and reconstruction must itself be rationally motivated.[4] Through contradictory testimony, cross-examination, or an element of the prosecution's case, the defense may establish a rational basis for the jury to infer that

---

[3] *See United States v. Huff*, 442 F.2d 885, 890 (D.C. Cir. 1971) ("The jury is not confined in its findings to matters that are directly set forth in the testimony but may base an inference of lesser offense on a 'reconstruction that is fairly inferable' from the evidence, gleaned perhaps by putting together some items from one witness, some from another, and some from the jury's own experience and sense of probabilities.").

[4] *United States v. Liefer*, 778 F.2d 1236 (7th Cir. 1985); *United States v. Medina*, 755 F.2d 1269 (7th Cir. 1985); *United States v. Crowder*, 543 F.2d 312, 317 (D.C. Cir. 1976) ("We are not impressed by the effort of counsel to conjure up a case of self-defense from the theory that Crowder perjured himself in his testimony, and that a shooting in self-defense may be inferred from various wisps of evidence."), *cert. denied*, 429 U.S. 1062 (1977); *United States v. Sinclair*, 444 F.2d 888 (D.C. Cir. 1971); *People v. Scarborough*, 402 N.E.2d 1127, 1132 (N.Y. 1980) ("the principle that the jury is free to "accept or reject part or all of the defense or prosecution's case . . . . has never been applied to countenance selective dissection of the integrated testimony of a single witness as to whom credibility, or incredibility, could only be a constant factor."). An accused is entitled to an instruction on a lesser included offense if there is "any evidence fairly tending to bear upon" the lesser included offense. *Stevenson v. United States,* 162 U.S. 313, 323 (1896).

7

some portions of discrete items of evidence are credible and other portions of those same items are not credible.[5] The defense did not do so in this case.

The theory of the defense presented to the jury was that Moore was simply not involved in any drug activity at the house, that no drugs were found on him, that the .76 grams of cocaine attributed to him was thrown there by someone else, and that he was simply at the wrong place at the wrong time. The "disputed issues of fact" were that Moore either committed the crimes alleged or did nothing at all. There was no rational base in the evidence for a jury to accept part of the evidence and reject part. A rational jury could conclude only that Moore was involved to the extent argued by the Government, or that he was not involved at all, as argued by the defense.

The trial court properly ruled that the evidence did not warrant a charge on simple possession.

**AFFIRMED.**

---

[5] *Scarborough*, 402 N.E.2d at 1131 ("If ... the People's case is a composite of several witnesses and perhaps exhibits, some segments of the evidence and even some portions of a single witness's testimony may be impugned, cast in doubt or discredited by the introduction of contradictory proof or by disclosure on cross-examination of faulty memory, bias, lack of adequate vantage point for observation and the like.").