■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDELL FAULKNER, Also Known as RICKY KING, Appellant. [689 NYS2d 41] —Judgments, Supreme Court, Bronx County (Peter Benitez, J., at *Sandoval* hearing; Efrain Alvarado, J., at jury trial), rendered December 18, 1996, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (2 counts), and criminal sale of a controlled substance in or near school grounds, and, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to four concurrent terms of 7 to 14 years, concurrent with a term of 1½ to 3 years, unanimously affirmed.

The court properly declined to submit criminal possession of a controlled substance in the seventh degree as a lesser included offense. Viewing the evidence in the light most favorable to defendant, we find no reasonable view of the evidence that would support a conviction of seventh-degree possession but not possession with intent to sell. Defendant's argument is based on speculation and is unsupported by the record (*see, People v Scarborough*, 49 NY2d 364, 371).

The record supports the trial court's determination that the two prospective jurors excused for cause possessed states of mind likely to preclude them from reaching an impartial verdict based solely on the evidence (*see, People v Blyden*, 55 NY2d 73, 77-78). The main thrust of the responses given by each of the prospective jurors was that their negative experiences with police would prevent them from fairly evaluating police testimony.

The court's *Sandoval* ruling was appropriately balanced and was a proper exercise of discretion. Concur—Sullivan, J. P., Rosenberger, Rubin, Saxe and Buckley, JJ.