■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEF HENRY, Appellant. [708 NYS2d 382] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered January 5, 1998, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 5¼ to 10½ years and 3 to 6 years, respectively, unanimously affirmed.

The court properly declined to submit criminal possession of a controlled substance in the seventh degree as a lesser included count of third-degree possession. Viewing the evidence most favorably to defendant, there was no reasonable

view that he possessed the drugs without an intent to sell them (*see, People v Scarborough,* 49 NY2d 364, 369-370; *see also, People v Alvino,* 71 NY2d 233, 245). Defendant engaged in an unmistakably sales-related conversation and course of conduct with an undercover officer, two other potential customers, and a supplier of drugs, whereupon other drug dealers interrupted the transaction and the undercover officer purchased from them instead. Moments later, defendant was arrested in possession of 48 crack vials, and there was no evidence suggesting possession for personal use.

The court properly declined to deliver a limiting instruction regarding defendant's drug-related conversation with the undercover officer during the course of the crime. This conversation constituted part of the instant crime and not an uncharged crime. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Friedman, JJ.