■ ELZENA VANCE, Appellant, v PARKCHESTER SOUTH CONDOMINIUM, Respondent. [796 NYS2d 239]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 7, 2004, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record does not contain evidence sufficient to raise a triable issue as to whether defendant landlord had either actual or constructive notice of, or created, the complained-of wet area on the stairway on its premises where plaintiff allegedly slipped and fell (*Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005]). Concur—Tom, J.P., Andrias, Marlow, Sullivan and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY EDWARDS, Also Known as EDWARD HARVEY, Appellant. [796 NYS2d 239]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered September 4, 2003, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's request to submit the lesser included offense of petit larceny, since no reasonable view of the evidence, viewed most favorably to defendant, would support such a charge. Defendant's argument that the victim's property may not have been taken from his person, which is an element of grand larceny in the fourth degree, is refuted by the record and is based on "sheer speculation" (*People v Scarborough*, 49 NY2d 364, 371 [1980]). Concur—Tom, J.P., Andrias, Marlow, Sullivan and Catterson, JJ.