People v Hobbs (2020 NY Slip Op 03802)





People v Hobbs


2020 NY Slip Op 03802


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE


align="left"> (Ind. No. 17-00735)
[*1]
v
Jard Hobbs, appellant.
Adam Seiden, Mount Vernon, NY, for appellant.
Anthony A. Scarpino, Jr., White Plains, NY (Steven A. Bender, William C. Milaccio, and Jordan K. Hummel of coun
respondent.
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered May 29, 2018, convicting him of course of sexual conduct against a child in the first degree, rape in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
 Contrary to the defendant's contention, the Supreme Court did not err in permitting the mother of the child victim to testify, pursuant to the prompt outcry exception, regarding the victim's statement that the defendant had raped her. Evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place. Here, the victim's outcry was sufficiently prompt, as it was made at the first suitable opportunity (see People v Rosario, 17 NY3d 501, 512; People v Gross, 172 AD3d 741, 743).
We agree with the Supreme Court's determination to deny the defendant's application to charge course of sexual conduct against a child in the second degree (Penal Law § 130.80[1][b]) as a lesser included offense of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][b]). To establish entitlement to a lesser included offense charge pursuant to CPL 300.50, in addition to showing that the proffered offense qualifies as a lesser included offense (see CPL 1.20[37]), a defendant must show that there is a reasonable view of the evidence in the particular case that would support a finding that he or she committed the lesser offense but not the greater (see People v Glover, 57 NY2d 61, 63). The evidence must be viewed in the light most favorable to the defendant (see People v Rivera, 23 NY3d 112, 120-121; People v Scarborough, 49 NY2d 364, 373). Here, there was no reasonable view of the evidence to support a finding that the defendant committed course of sexual conduct against a child in the second degree, but not course of sexual conduct against a child in the first degree, since there would be no rational explanation for the jury to accept the victim's testimony as to sexual touching, but reject that same testimony as to the specific acts of sexual intercourse and oral sexual contact (see People v Scarborough, 49 NY2d at 373-374).
[*2] Contrary to the defendant's contention, the Supreme Court did not err in imposing consecutive terms of incarceration upon his convictions of course of sexual conduct against a child in the first degree and rape in the second degree, since the acts constituting each crime were separate and distinct, took place on different dates, and thus, did not constitute a single sexual assault (see People v Davis
AD3d 906, 908). Furthermore, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
 The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:

Aprilanne Agostino Clerk of the Court