People v Maltes (2021 NY Slip Op 05781)





People v Maltes


2021 NY Slip Op 05781


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Ind No. 279/15 Appeal No. 14418 Case No. 2017-272 

[*1]The People of the State of New York, Respondent,
v
Alexis Maltes, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Denise Fabiano of counsel), and Boies Schiller Flexner LLP, Armonk (Andrew P. Steinmetz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered February 9, 2016, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the third degree, petit larceny and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of nine years, unanimously affirmed.
With regard to the incident where defendant was convicted of robbery, based on threatening a store employee with a knife for the purpose of retaining stolen merchandise, the court correctly declined to submit petit larceny as a lesser included offense. There was no reasonable view of the evidence, viewed in the light most favorable to the defendant, under which defendant committed the lesser crime but not the greater (see People v Rivera, 23 NY3d 112, 120-21 [2014]). A finding that defendant was entitled to submission of the lesser offense would have necessitated an impermissible "selective dissection of the integrated testimony of a single witness" (People v Scarborough, 49 NY2d 364, 373 [1980]). Furthermore, in addition to the employee's unequivocal testimony, a videotape shows defendant making a stabbing motion, even though a knife is not visible on the video.
Because the 911 tapes in this case were inadvertently destroyed, the court instructed the jury that it could, but was not required to, infer that those tapes would have been favorable to the defense position. The court should not have conditioned this adverse inference charge on the admission of ICAD (Intergraph Computer Aided Dispatch) reports summarizing 911 calls made by the victim of the above-discussed robbery and by a testifying complainant from another incident for which defendant was also on trial. The ICAD report relating to the robbery at issue included hearsay representations by the 911 caller that defendant committed a "robbery" with a "knife." Defense counsel told the court that he did not intend to elicit testimony that contradicted the ICAD reports, and, more specifically, that he would not "argue to the jury that there's no evidence that the complaining witness ever mentioned a knife on the 911 calls." Accordingly, defendant did not open the door to the admission of this evidence. The adverse inference instruction did not tell the jury that the 911 caller failed to assert that a robbery with a knife occurred, and admission of the ICAD report was not reasonably necessary to correct a misleading impression. However, we find that that the error was harmless (see People v Ludwig, 24 NY3d 221, 230 [2014]; People v Crimmins, 36 NY2d 230 [1975]). There is no reasonable possibility that defendant would have been acquitted had the reports not been admitted.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021