■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE MAYNARD, Appellant. [621 NYS2d 557] —Judgments, Supreme Court, New York County (Frederic Berman, J.) rendered February 10, 1992, convicting defendant, after a jury trial of attempted robbery in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 6 years to life, and, upon his guilty plea, of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 6 years to life, to run consecutively to the aforementioned terms, unanimously modified, on the law, to the extent of vacating defendant's adjudication as a persistent violent felony offender with respect to the conviction for criminal possession of a weapon in the third degree and reducing defendant's sentence to a term of 3 to 6 years, and otherwise affirmed.

Viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings on credibility *(People v Bleakley,* 69 NY2d 490, 495), proof of defendant's identity was established beyond a reasonable doubt and the verdict was not against the weight of the evidence.

Contrary to defendant's contention, there was no reasonable view of the evidence upon which the jury could have concluded that defendant had not displayed what appeared to be a handgun, without rejecting the complainant's testimony entirely, and thus no basis to submit a lesser included offense (CPL 300.50 [1]; *see, People v Glover,* 57 NY2d 61, 63).

Defendant's *pro se* challenge to the composition of the venire on constitutional grounds is not accompanied by any factually supported showing that a specific social group had been systematically excluded from jury selection and that the actual venire in this case was not a fair and reasonable representation of the community, and, thus he failed to carry

his burden *(Duren v Missouri,* 439 US 357, 364; *People v Guzman,* 60 NY2d 403, *cert denied* 466 US 951).

We reject defendant's claim that the sentences imposed are excessive. However, since criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) is not defined as a violent felony offense (Penal Law § 70.02 [1] [c]), the court erred in sentencing defendant as a persistent violent felony offender.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ. [As amended by unpublished order entered Mar. 14, 1995.]