■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RUIZ, Appellant. [631 NYS2d 779] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered August 17, 1993, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the trial court erred in refusing his request to charge robbery in the third degree as a lesser-included offense of robbery in the first degree. To establish entitlement to a lesser-included offense charge, the defendant must show (1) that it is impossible to commit the greater offense without concomitantly committing, by the same conduct, the lesser offense (see, CPL 1.20 [37]; People v Glover, 57 NY2d 61, 63), and (2) that a reasonable view of the evidence would support a finding that the defendant committed the lesser offense, but not the greater.

Since the proof of all of the elements of the crime of robbery in the third degree under Penal Law § 160.05 is also required to prove guilt of robbery in the first degree under Penal Law § 160.15 (4), the impossibility test of the first prong was satisfied (see, People v Green, 56 NY2d 427, 433; People v Addison, 73 AD2d 790, 791). However, since the defendant's conduct, as perceived by the complainant, was a display of a gun within the meaning of Penal Law § 160.15 (4), a reasonable view of the evidence would not support the conclusion that the crime occurred without such display. Accordingly, the defendant's request for a charge on the lesser-included offense of robbery in the third degree was properly denied (see, People v Scarborough, 49 NY2d 364, 369-370; People v Maynard, 211 AD2d 505; People v Mays, 178 AD2d 557; People v Neal, 118 AD2d 815, 816). O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.