OPINION OF THE COURT
 

 Levine, J.
 

 Defendant appeals, leave having been granted by a Judge of this Court, from an order of the Appellate! Division (239 AD2d
 
 *790
 
 244) which affirmed a judgment of Supreme Court convicting defendant, after a jury trial, of third degree criminal possession of a controlled substance (see, Penal Law § 220.16 [1]) and sentencing him as a second felony offender to an indeterminate prison term of 41/2 to 9 years. At issue is whether, pursuant to CPL 300.50, the trial court properly refused to submit seventh degree criminal possession of a controlled substance to the jury as a lesser included offense of criminal possession of a controlled substance in the third degree. We agree with the Appellate Division that the denial of the charge-down request was not error.
 

 At trial, evidence of defendant’s possession with intent to sell was introduced by the prosecdtion through the testimony of a community beat police officer who, from his position on the second floor of a nearby library, observed defendant engage in two separate narcotics-related transactions from the stoop of an apartment building at 166 East 109th Street in Manhattan. According to the officer, defendant was first approached by a tall male carrying a small baby in a shoulder harness. The two men conversed for a few seconds, after which the officer saw defendant “go to the front door of [the apartment building], open the door, reach up to the top of the door frame, and come down with a white object.” The officer testified that he watched defendant “untie the object * * * I believe there was a bundle— and give glassine envelopes to the male.” When questioned about the details of this interaction, the officer stated:
 

 “Basically, there was a hand motion, [defendant] gave him the
 
 glassines
 
 — before
 
 [defendant] handed the glassines, the [other] male gave [defendant] the money,
 
 and then the [other] male just walked off, and [defendant] put the [remaining] glassines in his pocket” (emphasis supplied).
 

 The officer’s description of the incident also included his specific recollection that after defendant untied the bundle, he gave the glassines to the man with the baby “like he was dealing cards out to him. He gave him one, and then he gave him another.”
 

 A second transaction, similar to the first, allegedly occurred three to five minutes later and involved defendant and another male in his late 40’s or early 50’s. With respect to this exchange, the officer testified that following a brief conversation, defendant reached into his pants pocket, came out with a bundle,
 
 untied it and handed the other male “glassines after he
 
 
 *791
 

 had received the money.
 
 [Defendant] received the money first” (emphasis supplied). The officer also averred that, after the purchaser left the front of the building, he observed defendant retie the bundle and place it back inside the top of the front door frame. The police officer then left his observation post and headed to the subject location, where defendant was stopped, frisked and placed under arrest. Four glassines containing heroin, tied in a bundle by a rubber band, were recovered from the top of the door frame, and a later search of defendant at the precinct recovered $74 in United States currency.
 

 During cross-examination of the observing officer, defendant attempted to discredit his testimony by highlighting several claimed discrepancies and inconsistent statements. Specifically, with respect to the first transaction, the defense pointed out that although the officer stated on direct that he witnessed more than one glassine being exchanged, in his Grand Jury testimony he had only mentioned the transfer of a single envelope. The officer also conceded on cross that defendant used a “closed hand” to make some of the transfers, and that earlier, on direct, his testimony regarding the number of glassines actually sold was based on the “number of hand motions [he] saw,” rather than any specific number of envelopes observable in defendant’s hand. Finally, the observing officer acknowledged during cross-examination that neither of the alleged purchasers had been apprehended nor were any of the drugs, allegedly sold by defendant, recovered.
 

 At the jury instruction conference, defendant requested the trial court to submit to the jury criminal possession of a controlled substance in the seventh degree (simple possession) as a lesser included offense to the indictment count of third degree criminal possession (possession with intent to sell). In support of this request, defendant argued that the observing officer’s testimony was not so integrated as to prohibit the jury from separating the officer’s account of defendant’s possession from the testimony relating to the alleged sales. By urging rejection of one portion of the officer’s testimony, yet accepting so much of another portion as would have supported only a finding of guilt on the lesser charge, defendant asserted that a reasonable view of the evidence existed to allow a jury finding that he was guilty of merely possessing the four glassines of heroin without the intent to sell.
 

 Supreme Court denied defendant’s request to charge the jury on the lesser included offense, finding no reasonable view of the evidence to support submission of the lesser charge. The
 
 *792
 
 Appellate Division agreed and, relying on our decision in
 
 People v Scarborough
 
 (49 NY2d 364), concluded that “[t]he observing officer’s testimony was integrated and there was no rational basis to reject only that portion which described conduct by defendant unmistakably evincing drug sales” (239 AD2d 244,
 
 supra).
 

 As set forth in subdivision (1) of CPL 300.50, the court, in addition to submitting the greatest offense which it is required to submit, may, in its discretion
 

 “submit in the alternative any lesser included offense
 
 if there is a reasonable view of the evidence
 
 which would support a finding that the defendant committed such lesser offense but did not commit the greater” (CPL 300.50 [emphasis supplied]).
 

 Under our prior case law, where proof of guilt of the greater and lesser offenses is found essentially in the testimony of one witness, a charge-down to the lesser offense is appropriate where it would be reasonable for the jury to reject a portion or segment of the witness’ testimony establishing the greater offense, while crediting that portion of the testimony establishing the lesser crime
 
 (see, People v Scarborough,
 
 49 NY2d, at 371-372, supra;
 
 People v Henderson,
 
 41 NY2d 233;
 
 People v Malave,
 
 21 NY2d 26). The rationale underlying this proposition is grounded in our long-standing recognition that a jury is entitled to assess the credibility of witnesses and determine, for itself, what portion of their testimony to accept and the weight such testimony should be given
 
 (see, People v Green,
 
 56 NY2d 427, 434,
 
 rearg denied
 
 57 NY2d 775;
 
 People v Asan,
 
 22 NY2d 526, 530;
 
 People v Butler,
 
 57 NY2d 664,
 
 revg for reasons stated in dissenting opn
 
 86 AD2d 811, 814-815;
 
 see also,
 
 1 CJI[NY] 7.02, at 265-268).
 

 Where, however, no identifiable record basis exists upon which the jury might reasonably differentiate between segments of a witness’ testimony, the foregoing proposition does not apply. Indeed, we have recognized that to grant a charge-down request under such circumstances would “force the jury ‘to resort to sheer speculation’ ”
 
 (People v Discala,
 
 45 NY2d 38, 43) and only serve “to countenance [the] selective dissection of the
 
 integrated
 
 testimony of a single witness as to whom credibility, or incredibility,
 
 could only be a constant factor” (People v Scarborough, supra,
 
 at 373 [emphasis supplied];
 
 see also, People v Richette,
 
 33 NY2d 42, 47;
 
 People v Reisman,
 
 29 NY2d 278, 287-288,
 
 cert denied
 
 405 US 1041).
 

 
 *793
 
 Thus, in
 
 People v Scarborough,
 
 we held that where defendants’ possession and sale of contraband were exclusively established by the testimony of the undercover purchaser, and where “defendants’ denials embraced both crimes with equal persistence,” no basis to differentiate between segments of the undercover’s testimony was presented when
 
 essentially the same segment
 
 that established the greater charge of criminal sale simultaneously established the lesser offense of criminal possession (49 NY2d, at 371, 373-374,
 
 supra; People v Discala,
 
 45 NY2d, at 43,
 
 supra).
 
 We, thus, based our analysis and characterization of “integration” on the specific dual nature of the undercover officer’s testimony, recognizing that any rejection of the undercover’s evidence of sale would necessarily require rejection of the undercover’s evidence of possession
 
 (see, People v Scarborough, supra,
 
 at 371-373).
 

 The instant case presents an evidentiary scenario indistinguishable from
 
 Scarborough
 
 on the issue of integrated testimony. Notably, there, as here, the single witness’ testimony essential to support a verdict of guilt of the lesser offense was substantially identical to the testimony establishing guilt of the greater crime as well
 
 (see, id.; see also, People v Discala, supra,
 
 at 43;
 
 People v Mussenden,
 
 308 NY 558). Thus, while we reject the People’s more generalized proposition that integration is per se established when the testimony of a single witness relates to a brief period of continuous activity, the application of our governing precedents nevertheless supports the trial court ruling in this case.
 

 In sum, we agree with the Appellate Division and the trial court, that on this record, no reasonable view of the evidence would support the conclusion that defendant committed the lesser offense but not the greater. Defendant was not found in actual physical possession of any narcotics at the time of his arrest. The four heroin glassines he was charged with possessing were, at the time, located at the top of the door frame of the building defendant was standing in front of when arrested. Under this set of facts, defendant’s constructive possession of the drugs could not have been established by means of any statutory presumption
 
 (see,
 
 Penal Law § 220.25 [1] [presumption of knowing possession where controlled substance present in automobile], [2] [same where specified narcotics present in nonpublic room occupied by defendant]). Defendant’s possession, therefore, by the “exercise [of] dominion and control” over the drugs
 
 (see,
 
 Penal Law § 10.00 [8]) necessarily had to be established by the arresting officer’s observations of defendant’s
 
 *794
 
 movements in initially retrieving the drugs from the top of the door frame, dealing some of the glassines to the two ostensible purchasers and returning the remainder of the unsold inventory to the location where, ultimately, the police recovered the bundle. These movements, however, were precisely those relied upon by the prosecution to establish the elevated offense of possession with intent to sell.
 

 Thus, the officer’s testimony was properly deemed integrated by the courts below under the
 
 Scarborough
 
 rule, in that the identical portion of that testimony constituted the proof of both defendant’s simple possession as well as the indictment count for possession with intent to sell. Here, then, despite any discrepancies that may have been elicited during cross-examination of the observing officer (none of which would have rendered his testimony incredible as a matter of law), there was no reasonable basis upon which the jury could have simultaneously credited the testimony necessary to establish the lesser offense of simple possession and rejected the very same testimony insofar as it established the greater offense of possession with intent to sell
 
 (see, People v Scarborough, supra,
 
 49 NY2d, at 373-374).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order affirmed.