■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY COOPER, Appellant. [744 NYS2d 423] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered March 1, 1999, convicting him of robbery in the second degree (two counts) and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court correctly denied the defense request that robbery in the third degree and petit larceny be submitted to the jury as lesser included offenses. It is well settled that a trial court may not submit a lesser included offense unless (1) it would be impossible to commit the greater offense without also committing the lesser, and (2) a reasonable view of the evidence would support a finding that defendant committed the lesser, but not the greater, offense (*see* CPL 300.50 [1]; *People v Ruiz,* 220 AD2d 466). Here, each of the complainants testified that the defendant and at least one accomplice committed the robberies. At trial, the defendant denied any and all complicity in the crimes. Thus, there was no reasonable view of the evidence that the defendant was merely present during each of the two car thefts in question, but that he alone then perpetrated the theft of the complainants' personal property without the use of any force (*see People v Scarborough,* 49 NY2d 364; *People v Gonzalez,* 158 AD2d 399, 400).

The defendant incorrectly asserts that the court reporter did

not record the arguments of counsel and the court's decision with respect to the pretrial suppression hearings. The court file contains a complete record of the hearing proceedings. The defendant's further claim that the minutes of the jury selection proceedings are incomplete is not preserved for appellate review because he did not request that a record be made of the parties' questioning of the panelists, nor did he object to the absence of such a record (*see* CPL 470.05 [2]). In any event, the record reveals that the minutes of the jury selection proceeding are substantially complete and accurate, and the defendant does not explain what claim, if any, he has been denied the right to pursue on appeal (*see People v Rivera,* 39 NY2d 519; *compare People v Harrison,* 85 NY2d 794).

The contentions raised by the defendant in his supplemental pro se brief are either unpreserved for appellate review or without merit. Florio, J.P., Smith, Krausman and Townes, JJ., concur.