Judgment, Supreme Court, New York County (Carol Berk-man, J.), rendered July 6, 2000, convicting defendant, after a jury trial, of three counts of kidnapping in the first degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). Defendant was convicted of kidnapping in the first degree under the theories of intent to compel third persons to pay or deliver ransom (Penal Law § 135.25 [1]) and of restraining the persons abducted for more than 12 hours with intent to inflict physical injury upon *122 them (Penal Law § 135.25 [2] [a]). The evidence, with particular reference to defendant’s tape-recorded conversations and to testimony delineating defendant’s personal role in the assaults on the victims, established both of the specified intents.
As to each of the kidnapping counts, the court properly declined to submit the lesser included offense of kidnapping in the second degree because there was no reasonable view of the evidence, viewed most favorably to defendant, that he was guilty of the lesser degree of kidnapping but not the greater. Without resorting to a speculative interpretation of the evidence, there was no basis upon which the jury could find that defendant was guilty of kidnapping, but that he lacked the intent to compel the family of one of the victims to obtain and deliver as ransom a certain quantity of money and drugs that had been stolen from defendant, or that he lacked the intent to, at the very least, cause physical injury to the victims (see People v Negron, 91 NY2d 788 [1998]; People v Vaughn, 305 AD2d 284 [2003]).
The court properly exercised its discretion in imposing reasonable limits on defendant’s cross-examination of one of the victims. The precluded inquiries were repetitive and defendant received ample latitude in which to cover the point at issue. Accordingly, there was no impairment of defendant’s right to confront witnesses (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).
We perceive no basis for reducing the sentence. Concur— Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Lerner, JJ.