■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS SCOTT, Appellant. [773 NYS2d 291]—

Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 11, 2002, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 14 years, unanimously affirmed.

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial. The prosecutor's remarks were responsive to the defense summation, and, given the court's thorough and repeated instructions, could not have lessened the People's burden of proof or shifted the burden to the defense (*see People v Thomas,* 186 AD2d 602 [1992], *lv denied* 81 NY2d 795 [1993]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes,* 97 NY2d 203 [2002]; *People v Walker,* 83 NY2d 455, 458-459 [1994]; *People v Pavao,* 59 NY2d 282, 292 [1983]).

The court properly declined to submit robbery in the third degree as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater (*see People v Negron,* 91 NY2d 788 [1998]; *People v Whitfield,* 287 AD2d 393 [2001], *lv denied* 97 NY2d 689 [2001]). The victim was certain that defendant threatened him with a box cutter, and there was no evidence that defendant obtained the victim's money by "us[ing] or threaten[ing] the immediate use" (Penal Law § 160.00) of any other kind of physical force. Concur—Nardelli, J.P., Mazzarelli, Friedman and Gonzalez, JJ.