■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ORTIZ, Appellant. [808 NYS2d 668]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered June 23, 2004, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 20 years, unanimously affirmed.

The record establishes that defendant validly waived his right to be present at the hearing and at the commencement of trial. After the court conducted a thorough colloquy in which it informed defendant of his right to be present, strongly recommended that he participate in the proceedings to assist his lawyer, and advised him that the trial would continue in his absence if he refused to come to the courtroom, defendant expressly and unequivocally refused to be present for the proceedings at issue (*see People v Parker*, 57 NY2d 136, 141 [1982]; *People v Epps*, 37 NY2d 343, 346-347 [1975], *cert denied* 423 US 999 [1975]).

The court properly declined to submit robbery in the third degree as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater (*see People v Negron*, 91 NY2d 788 [1998]). "The victim was certain that defendant threatened him with a box cutter, and there was no evidence that defendant obtained the victim's money by 'us-[ing] or threaten[ing] the immediate use' (Penal Law § 160.00) of any other kind of physical force" (*People v Scott*, 5 AD3d 250 [2004], *lv denied* 3 NY3d 647 [2004]).

We perceive no basis to disturb the sentence. Concur—Tom, J.P., Marlow, Williams, Sweeny and Malone, JJ.