■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GAYMON, Appellant. [822 NYS2d 57]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered June 10, 2004, convicting defendant, after a jury trial, of murder in the first degree, robbery in the first degree (two counts) and robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of life without parole, 25 years, 25 years and 15 years, concurrent with a term of 2¹/₃ to 7 years for violation of probation, unanimously affirmed.

Defendant was convicted of first-degree murder under the theory that he personally committed intentional murder in the course of a robbery (*see* Penal Law § 125.27 [1] [a] [vii]). The court properly declined to submit second-degree murder on the theory that defendant did not personally kill the deceased but was only accessorially liable for his death. There was no reasonable view of the evidence that defendant participated in the crime, but that another participant was the killer. Except by way of unfounded speculation, the jury had no basis upon which to selectively credit parts of the accomplice witness's integrated testimony and discredit other parts (*see People v Negron*, 91 NY2d 788, 792-793 [1998]).

Defendant's arguments concerning corroboration of the accomplice's testimony are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the evidence fully satisfied the accomplice corroboration requirement (*see* CPL 60.22 [1]; *People v Breland*, 83 NY2d 286, 292-294 [1994]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claim. Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.