■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY BRANCH, Appellant. [825 NYS2d 215]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J., at severance motion; Edwin Torres, J., at jury trial and sentence), rendered July 15, 2004, convicting defendant of robbery in the first degree (two counts), and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

Defendant voluntarily waived his right to be present during trial, as well as forfeiting that right by his misconduct (see People v Cooks, 28 AD3d 362 [2006], lv denied 7 NY3d 787 [2006]; People v Ortiz, 25 AD3d 460 [2006], lv denied 6 NY3d 836 [2006]). Amid a pattern of disruptions, defendant, who had been warned by the court that he would be removed if he persisted (see CPL 260.20), expressly requested that the trial go on in his absence. At another juncture, when the court asked if

defendant could be quiet during further proceedings, defendant expressly refused to do so and repeated his demand to be removed. The court properly complied with defendant's request, and under these circumstances, including the express waiver, there was no need for a subsequent inquiry into whether defendant wished to reclaim his right to be present (*see People v Trubin*, 304 AD2d 312 [2003], *lv denied* 100 NY2d 588 [2003]). For reasons not explained on the record, defendant returned to the courtroom for the summations and charge, but during the court's response to a jury note he once again disrupted the proceedings, whereupon the court excluded him from the courtroom for the jury's rendition of the verdict. Given the entire chain of events, including the fact that defendant had already been warned, and was clearly aware, of the consequences of disrupting the trial, no new warning was required (*see People v Baldwin*, 277 AD2d 134 [2000], *lv denied* 96 NY2d 780 [2001]).

The motion court properly exercised its discretion in denying defendant's severance motion, predicated on a claim that the codefendant would provide exculpatory testimony if the cases were severed and the codefendant tried first (*see People v Bornholdt*, 33 NY2d 75, 87 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]; *People v Owens*, 22 NY2d 93, 98 [1968]), and its ruling did not deprive defendant of a fair trial or of due process. Defendant made a very limited showing of the nature of the codefendant's proposed testimony, and he failed to establish that such testimony would actually exculpate him rather than merely showing that defendant joined in the robbery on the spur of the moment without planning in advance to do so. Furthermore, the claim that the codefendant would actually testify on defendant's behalf was highly conditional (*see United States v Spinelli*, 352 F3d 48, 56 [2d Cir 2003]).

There was no improper delegation of judicial authority, or violation of defendant's right to be present, when the court, with defense counsel's consent, directed a court officer to perform the ministerial act of informing the jury that the court would not grant its request for a written copy of the charge (*People v Jonson*, 27 AD3d 289 [2006], *lv denied* 6 NY3d 895 [2006]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.