■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY STEPHENSON, Appellant. [828 NYS2d 391]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 14, 2005, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.

Defendant's argument that the People failed to prove the element of physical injury (Penal Law § 10.00 [9]) is unpreserved and we decline to reach it in the interest of justice. Were we to consider this claim, we would find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. The evidence supported the conclusion that the victim sustained physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]). In the commission of the robbery, defendant went beyond the category of "petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]), when he punched the victim in the mouth and bit him on the biceps and shoulder, causing him to bleed, and the nature of the injuries supported the inference that they caused substantial pain. Accordingly, defendant was not prejudiced by the fact that his trial counsel made only a general motion for a trial order of dismissal (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). To the extent that defendant is also claiming that his counsel provided ineffective assistance by failing to raise the physical injury issue in his summation, which focused on misidentification, that claim is unreviewable on direct appeal because it involves matters of strategy not reflected in the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Concur—Mazzarelli, J.P., Friedman, Williams, McGuire and Malone, JJ.