■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MITCHELL, Appellant. [833 NYS2d 504]—

Judgment, Supreme Court, New York County (Joan Sudolnik, J., at uncompleted plea proceeding; Edwin Torres, J., at jury trial and sentence), rendered August 5, 2004, convicting defen-

dant of robbery in the first degree (two counts) and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 20 years, unanimously affirmed.

Defendant did not preserve his claim that he had a statutory right to plead guilty to the entire indictment (*see* CPL 220.10 [2]), and we decline to review it in the interest of justice. Defendant's unsuccessful effort to plead guilty to the indictment did not, by itself, preserve the issue, since he did not alert the court to his statutory claim. Moreover, following the uncompleted plea proceedings before the suppression hearing court, the case appeared on many occasions before other justices, and defendant made no new attempts to plead guilty to the indictment. Indeed, after refusing to accept the plea, the hearing court specifically invited defendant to make the same offer to plead guilty before another justice, to whom the case was being reassigned.

Were we to review this claim, we would reject it. The court properly exercised its discretion in refusing to accept defendant's plea, since defendant's factual recitations did not comport with the charges in the indictment and the evidence known to the court (*see People v Selikoff*, 35 NY2d 227, 235 [1974], *cert denied* 419 US 1122 [1975]; *People v Wongshing*, 245 AD2d 186 [1997], *lv denied* 91 NY2d 978 [1998]; *compare People v Rosebeck*, 109 AD2d 915 [1985]). In any event, were we to find any error, we would find that defendant is not entitled to vacatur of his otherwise valid conviction after trial of the charges to which he had attempted to plead guilty, or to reduction of his sentence to the term offered by the court at the time of the uncompleted plea proceedings. Even assuming that the hearing court was obligated by statute to accept the plea, it was not also obligated to impose the sentence it had offered. The court could have revoked its sentencing promise, provided it then permitted defendant to withdraw the plea (*see People v Schultz*, 73 NY2d 757, 758 [1988]; *People v Selikoff*, 35 NY2d at 239).

Defendant's claim of improper delegation of judicial authority is similar to a claim rejected by this Court on the codefendant's appeal (*People v Branch*, 35 AD3d 228 [2006]), and we find no basis for a different result.

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards at the uncompleted plea and at sentencing (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Saxe, Nardelli, Williams and Catterson, JJ.