■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY WILLIAMS, Appellant. [836 NYS2d 137]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered May 31, 2005, convicting defendant, after a jury trial, of assault in the second degree and two counts of endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The element of physical injury was established by evidence that defendant repeatedly struck the victim in the head and body with a phone, causing bleeding, dizziness, a bruise, a laceration, and substantial pain,

as reflected in a hospital record, that persisted at least until the next day (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Stephenson*, 36 AD3d 560 [2007]).

The court properly declined to submit assault in the third degree as a lesser included offense. There was no reasonable view of the evidence that the victim's injuries were caused by something other than being struck by the telephone, and such a theory could only be based on speculation as to an alternative scenario unsupported by any evidence (*see People v Negron*, 91 NY2d 788 [1998]; *People v Ortiz*, 25 AD3d 460 [2006], *lv denied* 6 NY3d 836 [2006]; *People v Luke*, 8 AD3d 203 [2004], *lv denied* 3 NY3d 740 [2004]). Defendant did not preserve his additional argument that there was a reasonable view that the telephone was not, under the circumstances presented, a dangerous instrument, and we decline to review it in the interest of justice. Were we to review this claim, we would similarly reject it.

By failing to object, or by making unelaborated objections, defendant failed to preserve his challenges to the People's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that even if some of the challenged remarks were inadvisable, they did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's challenge to the duration of the order of protection is not preserved because he did not raise this issue at sentencing or move to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]), and we decline to consider it in the interest of justice. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.