*538 Judgment, Supreme Court, New York County (Arlene Goldberg, J.), rendered November 13, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and seventh degrees, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of eight years, unanimously affirmed.
The court, which submitted seventh-degree possession as a lesser included offense of third-degree possession based on intent to sell, properly declined to submit seventh-degree possession under another count charging third-degree possession based on the weight of the drugs. There was no reasonable view of the evidence, viewed most favorably to defendant, to support such a charge. The scientific evidence established that the weight of the drugs in defendant’s possession was well in excess of the statutory threshold of one-half ounce (see People v Lopez, 297 AD2d 561, 562 [2002], lv denied 99 NY2d 560 [2002]; People v Butler, 248 AD2d 274 [1998], lv denied 91 NY2d 1005 [1998]). There was no basis, other than sheer speculation, for the jury to find that the chemist inaccurately weighed the drugs, or to otherwise reject the portion of his testimony concerning the weight of the substance, while at the same time accepting the portion of his testimony identifying the substance (see People v Negron, 91 NY2d 788, 792 [1998]).
We have considered defendant’s remaining arguments and find them to be without merit. Concur—Tom, J.P., Buckley, Catterson, Freedman and Abdus-Salaam, JJ.