■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS VEGA, Appellant. [894 NYS2d 59]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 27, 2008, as amended June 4, 2008, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility.

The court properly declined to submit robbery in the third degree as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he robbed the victim but acted without an accomplice (*see People v Negron*, 91 NY2d 788 [1998]). "There was no reason for the jury to credit the victim . . . in general, but conclude that [he] invented the involvement of a second robber" (*People v Camara*, 44 AD3d 492 [2007], *lv denied* 9 NY3d 1031 [2008]). Furthermore, according to the victim, the second robber played an integral role in the crime. In order to find that defendant robbed the victim but acted alone, the jury would have been

required to speculate that the robbery was committed in some alternative manner not described in any testimony. Thus, if the jury had discredited the victim's testimony, defendant would have been entitled to a complete acquittal, not a conviction of third-degree robbery. The same would be true had the jury discredited the testimony of the victim while crediting that of the police officers; the police testimony about events that occurred immediately after the theft would not have established a forcible taking. Concur—Friedman, J.P., Sweeny, Nardelli and Freedman, JJ.