Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered June 6, 2008, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree (two counts), and sentencing him to an aggregate term of four years, unanimously affirmed.
The trial court properly declined to charge seventh-degree possession as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that his possession was without intent to sell (see People v Negron, 91 NY2d 788, 792 [1998]). In a paraphernalia-ridden apartment that was a proverbial drug factory, the police found *904 43 bags of heroin and 10 bags of cocaine on open shelves in defendant’s bedroom, as well as a large amount of cash on his person. On appeal, defendant posits a theory that he knew the drugs were present, knew they were being sold by other people, but had no intent to sell. However, if defendant only knew of the presence of the drugs, but did not share in the exercise of dominion and control over them, he would have been entitled to a complete acquittal, not a finding that he possessed them without intent to sell. If, on the other hand, defendant did share in dominion and control over the drugs, there was no reasonable view of the evidence that he did so without being part of the drug-selling operation being conducted in the apartment. Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Román, JJ.