■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS GRAY, Appellant. [909 NYS2d 492]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered March 4, 2008, convicting him of robbery in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the People's strained contention that certain arguments made by the defendant are unpreserved for appellate review. On this appeal, the defendant is asserting a single claim of error—that the Supreme Court erroneously refused to submit robbery in the third degree to the jury as a lesser-included offense—and defense counsel's specific request that the court submit the lesser-included offense was clearly sufficient to preserve that claim for appellate review (see CPL 470.05 [2]).

The defendant was convicted of robbery in the second degree, as defined in Penal Law § 160.10 (1), which provides that "[a] person is guilty of robbery in the second degree when he forcibly steals property and when . . . [h]e is aided by another person actually present." Viewing the evidence in the light most

favorable to the defendant (see *People v Johnson*, 45 NY2d 546, 549 [1978]), no reasonable view of the evidence supported a finding that the defendant committed the lesser-included offense of robbery in the third degree, which does not require that the defendant be aided by another person, but not the greater offense (see *People v Heide*, 84 NY2d 943, 944 [1994]; *People v Glover*, 57 NY2d 61, 63 [1982]). The complainant's testimony established that the defendant's unapprehended companion physically restrained the complainant, thus aiding the defendant in committing the robbery. Even if, as the defendant contends, that testimony was ambiguous, the complainant further testified that the defendant and the companion approached him together, questioned him together, and followed him together, and that, after the defendant had stolen one item from the complainant, the companion instructed the defendant to take another item from him. The two men then fled together. This evidence established that the defendant was aided by another person actually present (see *People v Carr-El*, 287 AD2d 731, 732 [2001], *affd* 99 NY2d 546 [2002]; *People v Washington*, 283 AD2d 661, 661-662 [2001]). Based on this record, "[i]n order to find that defendant robbed the victim but acted alone, the jury would have been required to speculate that the robbery was committed in some alternative manner not described in any testimony" (*People v Vega*, 70 AD3d 521, 521-522 [2010]; see *People v Cooper*, 294 AD2d 592 [2002]).

Accordingly, the Supreme Court properly denied the defendant's request to charge the jury on the lesser-included offense of robbery in the third degree. Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.