■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARIS JONES, Appellant. [14 NYS3d 2]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered March 9, 2012, as amended April 6, 2012, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court properly submitted, over defendant's objection, the count of the indictment charging third-degree robbery, because there was a reasonable view of the evidence that defendant committed that crime without committing first-degree robbery (*see generally People v Negron*, 91 NY2d 788, 792 [1998]). The first-degree charge was based on the victim's claim that after

defendant "violently" seized the victim's property and a chase ensued, defendant drew a knife and charged at the victim in order to deter him from making further efforts to recover his property. The jury, which acquitted defendant of first-degree robbery, could have rejected the victim's vigorously contested testimony that defendant had a knife, but still found that defendant used force, including the implied threat of harm, in the initial taking of the property, its retention, or both. Even with the aid of an interpreter, the victim had difficulty articulating exactly what happened, and his testimony was subject to competing reasonable interpretations, creating issues to be resolved by the jury.

The court properly exercised its discretion in precluding defendant from introducing evidence relating to what was apparently a child protective proceeding brought against his girlfriend by the Administration for Children's Services, because defendant did not establish the relevance of this evidence. On appeal, defendant asserts that his presence in his girlfriend's apartment would have adversely affected her interests in the child protective proceeding, and that such a circumstance would have tended to explain why he hid from the police when they entered the apartment, thereby undermining the inference of consciousness of guilt. However, despite extensive argument about this evidence at various points in the trial, defendant never alerted the court to this particular theory of admissibility. Accordingly, his claim is unpreserved (*see People v George*, 67 NY2d 817, 819 [1986]), and we decline to review it in the interest of justice. As an alternative holding, we find that the precluded evidence had little or no probative value in explaining why defendant hid from the police. The issue is not whether defendant was entitled to offer an innocent explanation for consciousness-of-guilt evidence, but whether the proposed evidence was relevant to such an explanation. Even on appeal, defendant has not made a convincing connection between his girlfriend's situation and his efforts to hide. In any event, defendant was able to explain to the jury that he was hiding because he was on parole.

After an appropriate inquiry, the court properly discharged a sworn juror over defendant's objection. During voir dire, the juror, who became the foreperson, did not indicate any acquaintance with defendant. However, in a recorded prison phone call, defendant told his sister that he knew the juror from his neighborhood, that the juror had been "making eye contact" with him in the courtroom, and that defendant hoped to benefit from this situation. The court conducted a careful inquiry, in

which it simply informed the juror that defendant "believe[d]" that he was acquainted with the juror "in some way" from the neighborhood where the juror lived. When the juror stated unequivocally that this information would prevent him from rendering a fair and impartial verdict, the court properly discharged him as "grossly unqualified" (*see* CPL 270.35 [1]; *People v Buford*, 69 NY2d 290, 298 [1987]). Defendant argues that, by revealing that defendant believed he knew the juror, the court rendered the juror unqualified. However, the court properly exercised its discretion when it confronted the juror with defendant's statement, in a sanitized form, in order to ensure a candid and credible response, especially given the potential implications of defendant's claim that the juror had been making particular eye contact with him.

Defendant's challenges to the prosecutor's summation and the court's charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. We have considered and rejected defendant's related ineffective assistance of counsel claim, and his assertion that he actually preserved his present argument regarding the court's charge. Concur—Mazzarelli, J.P., Sweeny, Acosta, Clark and Kapnick, JJ.