People v Barnes (2018 NY Slip Op 00668)





People v Barnes


2018 NY Slip Op 00668


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


70 KA 14-00561

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE L. BARNES, DEFENDANT-APPELLANT. 






WILLIAM G. PIXLEY, PITTSFORD, FOR DEFENDANT-APPELLANT. 
ANDRE L. BARNES, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 14, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the verdict is against the weight of the evidence because the victim's testimony was "manifestly suspect" for various reasons. We reject that contention. Defendant initially challenges the victim's testimony on the ground that she was a prostitute, drug addict and petty thief who was testifying pursuant to a cooperation agreement. Nevertheless, even if a witness has an "unsavory and criminal background, and testifie[s] pursuant to a cooperation agreement," such facts merely raise credibility issues for the jury to resolve (People v Chin, 69 AD3d 752, 753 [2d Dept 2010], lv denied 15 NY3d 772 [2010]; see People v Woods, 142 AD3d 1356, 1358 [4th Dept 2016]; People v Davis, 120 AD3d 1542, 1543 [4th Dept 2014], lv denied 26 NY3d 1087 [2015]). Although "[t]he credibility of the victim was undoubtedly open to question as she was an acknowledged user of heroin and crack cocaine and had mental health issues, as well as a varied criminal history that included crimes of deceit," her testimony was corroborated in certain respects (People v Bowman, 139 AD3d 1251, 1252 [3d Dept 2016], lv denied 28 NY3d 927 [2016]).
Contrary to defendant's further contention, the verdict is not against the weight of the evidence with respect to defendant's use of a dangerous instrument. Although defendant correctly concedes that a telephone receiver can constitute a dangerous instrument (see e.g. People v Williams, 40 AD3d 402, 403 [1st Dept 2007], lv denied 9 NY3d 883 [2007]; People v Prior, 23 AD3d 1076, 1076 [4th Dept 2005], lv denied 6 NY3d 817 [2006]; Matter of Brittanie G., 6 AD3d 1213, 1214 [4th Dept 2004]), he contends that it is "utter[ly] implausib[le] . . . that [the victim] was assaulted with a telephone receiver." We conclude that the victim's testimony that defendant assaulted her with a telephone receiver was not incredible as a matter of law, i.e.,
" manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (People v Smith, 73 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 778 [2010]), and the fact that the receiver "was not recovered does not render . . . the verdict against the weight of the evidence" (People v Cohens, 81 AD3d 1442, 1444 [4th Dept 2011], lv denied 16 NY3d 894 [2011]; see People v Ryder, 146 AD3d 1022, 1025 [3d Dept 2017], lv denied 29 NY3d 1086 [2017]; People v Pine, 126 AD3d 1112, 1116 [3d Dept 2015], lv denied 27 NY3d 1004 [2016]).
"Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the [*2]witnesses and observe their demeanor" (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014] [internal quotation marks omitted]; see generally People v Gay, 105 AD3d 1427, 1428 [4th Dept 2013]). The victim's "testimony that defendant [used a receiver] was uncorroborated, but also unrefuted," and we reject defendant's contention that the jury failed to give the evidence the weight it should be accorded in finding that he used a dangerous instrument (People v Ingram, 95 AD3d 1376, 1377 [3d Dept 2012], lv denied 19 NY3d 974 [2012]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
We have reviewed the contentions raised by defendant in his pro se supplemental brief and conclude that they are not preserved for our review (see CPL 470.05 [2]) and, in any event, lack merit.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court