People v Rogers (2019 NY Slip Op 05942)





People v Rogers


2019 NY Slip Op 05942


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND TROUTMAN, JJ.


744 KA 14-01316

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH R. ROGERS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, TREVETT CRISTO P.C. (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 30, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that Supreme Court erred in refusing his request to charge robbery in the third degree (§ 160.05) as a lesser included offense. We reject that contention. It is undisputed that robbery in the third degree is a lesser included offense of robbery in the second degree as charged under Penal Law § 160.10 (1) (see People v Bayard, 32 AD3d 328, 329-330 [1st Dept 2006]; People v Ceballos, 98 AD2d 475, 476-477 [2d Dept 1984]). Nevertheless, when the evidence is viewed in the light most favorable to defendant (see People v Johnson, 45 NY2d 546, 549 [1978]), we conclude that "[t]here is no reasonable view of the evidence by which defendant was guilty of forcibly stealing property but that he was not aided by another person actually present" (People v Bennett, 147 AD2d 967, 968 [4th Dept 1989]; see People v Gray, 77 AD3d 766, 766-767 [2d Dept 2010], lv denied 16 NY3d 797 [2011]; see generally People v Van Norstrand, 85 NY2d 131, 135 [1995]). Based on this record, " [i]n order to find that defendant robbed the victim but acted alone, the jury would have been required to speculate that the robbery was committed in some alternative manner not described in any testimony' " (Gray, 77 AD3d at 767).
Contrary to defendant's contention, this is not a case "where proof of guilt of the greater and lesser offenses is found essentially in the testimony of one witness" such that the jury could find the lesser upon rejecting a portion of the testimony of the witness (People v Negron, 91 NY2d 788, 792 [1998]). Rather, this is a situation in which "no identifiable record basis exists upon which the jury might reasonably differentiate between segments of a witness' testimony" (id.).
Contrary to defendant's remaining contention, the sentence is not unduly harsh or severe.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court