People v Moore (2020 NY Slip Op 05460)





People v Moore


2020 NY Slip Op 05460


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Ind No. 5365/10 Appeal No. 11962 Case No. 2018-2765 

[*1]The People of the State of New York, Respondent,
v
Diane Moore, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Ellen Dille of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois counsel), for respondent.



Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered March 23, 2018, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing her, as a second felony offender, to concurrent terms of 1½ to 3 years, unanimously affirmed.
The trial court properly denied defendant's request to submit petit larceny and criminal possession of stolen property in the fifth degree as lesser included offenses. No reasonable view of the evidence, viewed in the light most favorable to defendant, supported the conclusion that defendant stole only one, not two, Canada Goose coats, each valued at $900, thereby leaving the total value of the stolen merchandise below the threshold to be convicted of the greater offenses (CPL 300.50 [1]; People v Scarborough , 49 NY2d 364, 369-370 [1980]; see also People v Negron , 91 NY2d 788, 792 [1998]; People v Butts , 72 NY2d 746, 750 [1988]; People v Padgett , 60 NY2d 142, 144-146 [1983]). The loss prevention detective testified that she recovered two coats from defendant, and there was no segment of her testimony that could be credited to suggest that defendant stole only one coat, particularly where surveillance footage and photo stills showed defendant carrying two large shopping bags, each with a puffy black coat stuffed inside, and the cash register receipt, which the loss prevention detective rang up after the coats were recovered to create a record of the stolen inventory, showed two entries, each with a unique SKU number.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020