People v Smith (2020 NY Slip Op 51211(U))

[*1]

People v Smith (Keith)

2020 NY Slip Op 51211(U) [69 Misc 3d 132(A)]

Decided on October 21, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

19-220

The People of the State of New 
 York, Respondent,
against
Keith Smith,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Beth Beller, J.), rendered November 2, 2018, after a nonjury trial, convicting him of
attempted assault in the third degree, menacing in the third degree, attempted criminal possession
of a weapon in the fourth degree and attempted criminal mischief, and imposing sentence.

Per Curiam.
Judgment of conviction (Beth Beller, J.), rendered November 2, 2018, affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60
NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt of
attempted assault in the third degree (see Penal Law §§ 110.00, 120.00[1]) beyond a
reasonable doubt. The evidence warranted the conclusion that defendant went beyond the
category of "petty slaps, shoves, kicks and the like delivered out of hostility, meanness and
similar motives" (Matter of Philip A., 49 NY2d 198, 200, [1980]), when he grabbed
complainant, the mother of his child, threw her into a window, causing her to strike her face and
suffer a "hole" in her lip and a "bruise" on her thigh (see People v Stephenson, 36 AD3d 560, 561 [2007], lv
denied 9 NY3d 851 [2007]). Nor was the verdict against the weight of the evidence (see
People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the
trial court's determinations concerning credibility, including its rejection of complainant's alleged
motivation to fabricate portions of her testimony.
The court properly exercised its discretion in admitting evidence of defendant's prior act of
domestic violence against the victim. This evidence was relevant to defendant's anger and motive
to control her (see People v Frankline, 27 NY3d 1113, 1115 [2016]; People v
Dorm, 12 NY3d 16, 19 [2009]; People v Pagan, 154 AD3d 449 [2017], lv denied 30 NY3d
1062 [2017]) and probative of defendant's intent and motive to cause physical injury and to
menace complainant (see People v Leonard, 29 NY3d 1, 7-8 [2017]; People v Williams, 160 AD3d 665,
666 [2018]). Any prejudicial effect was outweighed by probative value, and, in any event, the
court at this nonjury trial is "presumed capable of disregarding the prejudicial aspect of the
evidence" (People v Tong Khuu, 293 AD2d 424, 425 [2002], lv denied 98 NY2d 714
[2002]). In [*2]any event, even assuming that the trial court erred
in admitting the challenged evidence, any error was harmless beyond a reasonable doubt in view
of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d
230, 241—242 [1975]), which included photographs of the complainant's injuries. THIS
CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 21, 2020