People v Cotugno (2021 NY Slip Op 00029)





People v Cotugno


2021 NY Slip Op 00029


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Ind No. 2950/17 2950/17 Appeal No. 12747 Case No. 2018-2884 

[*1]The People of the State of New York, Respondent,
v
David Cotugno, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), and Milbank LLP, New York (Hannah Cho of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered June 6, 2018, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of six years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant took a piece of construction material from a nearby dumpster and hit the victim in the head with it. The impact shattered the victim's glasses and caused a torn retina that required surgical repair. The victim experienced blurry vision that continued as of the time of trial. Viewed as a whole, the evidence, including the testimony of the victim and a disinterested bystander and the type of injury sustained by the victim, warranted no other reasonable inference than that the object with which the victim was struck caused the victim's eye injuries.
Similarly, the court providently denied defendant's request that the court charge third-degree assault, on a theory of recklessness, as a lesser included offense, because there was no reasonable view of the evidence, viewed most favorably to defendant, that would support a finding that defendant committed the lesser offense but not the greater (see People v Scarborough, 49 NY2d 364, 373 [1980]; see also People v Negron, 91 NY2d 788, 792 [1998]). There was no reasonable view that defendant caused the injury recklessly, while defendant and the victim were struggling on the ground, where, as indicated previously, all of the evidence established that defendant used an object to strike one blow to the victim's head, near his eye.
Defendant failed to preserve, and ultimately waived, his claim that the court erred in declining to permit him to exercise a belated peremptory challenge (see People v Shearin, 177 AD3d 504 [1st Dept 2019], lv denied 34 NY3d 1162 [2020]), and we decline to review it in the interest of justice. Defense counsel acquiesced when the court stated that it was "too late" to exercise a peremptory challenge, and counsel did not ask the court to exercise its discretion to vary the order of challenges. Instead, shortly thereafter, defense counsel confirmed that the jurors selected were satisfactory to the defense, thus waiving the current claim. As an alternative holding, we find that the court providently exercised its discretion in denying a belated peremptory challenge where counsel provided no explanation for her failure to lodge a timely challenge and did not
even indicate which prospective juror she sought to challenge (see People v Smith, 278 AD2d 75, 76 [1st Dept 2000], lv denied 96 NY2d 763 [2001]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021