**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DEVIN ESPINOZA,

      Defendant-Appellant.

No. 08-4011
(D.C. Nos. 2:05-CV-217-TS and
2:00-CR-56-TS-2)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN, EBEL**, and **GORSUCH**, Circuit Judges.

Devin Espinoza, a federal prisoner proceeding *pro se*, seeks to challenge

his imprisonment in a 28 U.S.C. § 2255 habeas petition. The district court

dismissed the petition, concluding that Mr. Espinoza's ineffective assistance of

counsel claim failed because he did not show deficient performance by his

attorney or prejudice resulting from his attorney's performance. Mr. Espinoza

now seeks before us a certificate of appealability ("COA") to appeal the district

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's order; for substantially the same reasons given by the district court, however, we do not believe a COA is warranted in this case.

* * *

In July 2001, federal prosecutors in the District of Utah tried Mr. Espinoza on the charges of committing or aiding and abetting an armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2 (Count I), and committing or aiding and abetting the offense of using or brandishing a firearm during the robbery, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count II). During deliberations the jury sent a note to the trial judge asking the following:

> If we determine that there is enough circumstantial evidence to find the defendant guilty of at least aiding and abetting the commission of the bank robbery, but that the evidence is not sufficient to determine that he was in the bank at the time of the robbery, can we find the defendant guilty of [C]ount I but not Count II?
>
> We consider it possible that while he aided and abetted the commission of the crime, there is not enough evidence to determine that the defendant was instrumental in procuring weapons or planning their use.

D. Ct. Order at 7. The trial judge provided counsel with a copy of the note and the judge's proposed instruction. Without objection from either party, the judge answered "yes" to the question and reminded the jury to consider all previous instructions. Four hours later the jury rendered its verdict, finding Mr. Espinoza guilty of armed robbery (Count I) but not guilty of using or brandishing a firearm

during the robbery (Count II).  The judge sentenced Mr. Espinoza to 200 months' imprisonment.

Mr. Espinoza appealed to this court, arguing, among other things, that (1) the trial judge's response to the jury's note was incomplete and misleading and (2) the evidence was insufficient to support the guilty verdict for armed bank robbery because the jury acquitted him of using or brandishing a firearm during the robbery and because the jury's note indicated that it believed Mr. Espinoza was not one of the robbers.  *United States v. Espinoza*, 338 F.3d 1140, 1145, 1147 (10th Cir. 2003).  This court rejected each sufficiency of the evidence argument and concluded that the trial judge did not commit plain error in his response to the jury's note, ultimately affirming Mr. Espinoza's conviction.  *Id.* at 1145-49.

In his current Section 2255 petition, Mr. Espinoza charges that his trial counsel provided ineffective assistance by failing to object to the trial judge's answer to the jury's question, failing to request a lesser included offense instruction in response to the jury's question, failing to object to the original instructions setting out the elements of Counts I and II, and failing to raise these three issues on appeal.  The district court dismissed Mr. Espinoza's Section 2255 petition, concluding that counsel's performance was not deficient and Mr. Espinoza suffered no prejudice because none of the arguments he would have had

counsel make were meritorious. The court did not act on Mr. Espinoza's application for a COA, so we deem it denied. *See* 10th Cir. R. 22.1(C).[1]

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Based on our independent review of the record in this case, and affording solicitous consideration to Mr. Espinoza's *pro se* court filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we agree with the district court that Mr. Espinoza has not met this threshold.

In order to succeed on his ineffective assistance of counsel claim, Mr. Espinoza must show that his attorney's advocacy fell below an "objective standard of reasonableness," and that "there is a reasonable probability" that, but for counsel's deficient representation, the result in his case would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The defendant bears the burden of overcoming the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue" – if it is "without

---

[1]  The district court allowed Mr. Espinoza to proceed without payment of the filing fees, and we likewise grant his application to proceed *in forma pauperis* on appeal.

merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006). For substantially the same reasons set forth by the district court in its thoughtful memorandum decision, we believe that Mr. Espinoza has failed to reach this high standard.

First, Mr. Espinoza charges that his counsel was ineffective for failing to object to the trial judge's answer to the jury's question, which he asserts allowed the jury to reach an inconsistent verdict, contrary to law. He also charges that counsel was ineffective for failing to contest on appeal the correctness of the judge's response, rather than only arguing that the judge also should have given further clarifying instructions. But counsel did raise the inconsistent verdict argument on appeal in a challenge to the sufficiency of the evidence; this court not only held that sufficient evidence supported Mr. Espinoza's conviction on the count of which the jury found him guilty, but also held that the trial judge's supplemental instruction was not plain error. Most importantly, as this court explained on direct appeal, and as the district court concluded on collateral review, an inconsistent jury verdict in a criminal case like this is not a basis for relief after the Supreme Court's decision in *United States v. Powell*, 469 U.S. 57, 64-66 (1984). *See Espinoza*, 338 F.3d at 1147-48; D. Ct. Order at 11-14. Counsel's failure to raise at trial or on appeal the unmeritorious argument that the judge's response allowed the jury to reach an inconsistent verdict therefore was

not objectively unreasonable, nor has Mr. Espinoza shown that if the issue had been raised there was a reasonable probability that he would have prevailed.

Second, Mr. Espinoza alleges that his counsel was ineffective by failing to request a lesser included offense instruction of unarmed robbery in response to the jury's question and failing to appeal this issue. A defendant is entitled to a lesser included offense instruction if "(1) there was a proper request; (2) the lesser included offense includes some but not all of the elements of the offense charged; (3) the elements differentiating the two offenses are in dispute; and (4) a jury could rationally convict the defendant of the lesser offense and acquit him of the greater offense." *United States v. Moore*, 108 F.3d 270, 272 (10th Cir. 1997). As the district court correctly noted, the element differentiating robbery and armed robbery was not in dispute at trial. The government's theory was that Mr. Espinoza committed or aided and abetted an armed robbery and the defense's only theory was that Mr. Espinoza knew nothing of the crime. Thus, the evidence at trial did not warrant an instruction on the possible lesser included offense – the evidence only allowed the jury to decide that Mr. Espinoza either did or did not participate in or aid an armed robbery. Because the evidence at trial did not warrant a lesser included offense instruction, Mr. Espinoza's counsel was not deficient in not asking for the instruction or raising the issue on appeal and Mr. Espinoza was not prejudiced by his counsel's failure to request such an instruction.

Finally, Mr. Espinoza charges that his counsel was ineffective by failing to object to the original instructions setting out the elements of Counts I and II (and failing to raise the issue on appeal) because the instructions were not clear on whether Count I charged an armed or unarmed bank robbery. This argument is without merit. Instruction 16 clearly states that Count I "charges Devin Espinoza with committing bank robbery with a dangerous weapon." Br. at 5. Instruction 17 emphasizes that, to prove Count I, the government must prove four elements beyond a reasonable doubt, including "that in committing the crime, the defendant either assaulted another person by the use of a dangerous weapon, or put one or more persons' lives in jeopardy by the use of a dangerous weapon." *Id.* at 6. And Instruction 32, about Count II, refers to "the crime of bank robbery as set forth in Count I." *Id.* at 7. Counsel's failure to raise the meritless argument that these instructions did not make clear whether Count I required the use of a dangerous weapon was not objectively unreasonable. Because Mr. Espinoza has not shown that his counsel failed to raise any meritorious issue, his ineffective assistance of counsel claim fails.

\* \* \*

Mr. Espinoza has failed to show that the district court's disposition of his Section 2255 petition is debatable or incorrect; accordingly, we deny his request

for a COA and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge